27 C.C.P.A. (Patents)

## In re BURGESS BATTERY CO.
### Patent Appeal No. 4347.

Court of Customs and Patent Appeals.
June 24, 1940.

Tesch & Darbo, of Chicago, Ill. (Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

Howard S. Miller, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks denying appellant's application for the registration of an alleged trade-mark under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.

The mark in question, for use on "dry batteries" and "flash light cases," comprises, as stated in the decision of the Commissioner of Patents, "alternating black and white stripes, unrestricted as to number or length or as to the shape or size of area covered by the striping. The specimens filed with the application show the stripes applied entirely about the goods and packages" by affixing thereto labels upon which the design is printed.

The tribunals of the Patent Office concurred in holding that appellant's alleged trade-mark, although in a general sense a design, is, in fact, merely a decorative or

ornamental dress for appellant's goods, and that the distinctive feature of the alleged trade-mark is lost in repetition and in its ornamental relationship to the "dry batteries" and "flash light cases."

In his decision, the Examiner of Trade-Marks said:

"The applicant submits affidavits to show that the mark was adopted for trademark purposes and that it functions as a trade-mark. That the mark may be recognized now as indicia of applicant's goods is saying no more than that the dress of goods is generally so recognized. If the mark is but a dress of goods, it seems immaterial that its adoption was inspired by a desire that it should function as an indication of origin.

"* * *

"The symbol adopted by the applicant has a primary meaning of ornamentation and, in the absence of any copyright protection, is open to others for the purpose of ornamentation. Its eventual use as an indication of origin is, of course, protected by the law of unfair competition, but its registration as a trade-mark is believed forbidden by the above decision [Standard Paint Company v. Trinidad Asphalt Manufacturing Company, 220 U.S. 446, 31 S.Ct. 456, 55 L.Ed. 536]."

In his decision, the Commissioner of Patents stated inter alia:

"That the over-all striping since its adoption has acquired some trade-mark significance does not, in my opinion, change the status of the marking from constituting primarily the dress or ornamentation of the goods to the status of a technical trade-mark, and in my opinion does not render the mark registrable as a trade-mark. In re Canada Dry Ginger Ale, Inc., 86 F.2d 830, 24 C.C.P.A. [Patents] 804.

"Accordingly, in my opinion, the over-all striping of the goods and packages filed with the application is not entitled to registration as a trade-mark, and since the registration sought herein comprehends such striping, I consider the rejection of the application to have been proper.

"It is to be noted that the mark sought to be registered is not confined to the arrangement of the alternate black and white stripes in any particular shape or design, such as a circle, square, triangle, cross or star. For this reason, the present case is believed to distinguish from such cases as Hygienic Products Co. v. Coe, 66 App.D.C. 98, 85 F.(2d) 264, in which the trade-mark was confined to a rectangular panel."

It is contended by counsel for appellant that the "stripe design is physically susceptible of appropriation as a trademark," and that, although it may be ornamental and, in a sense, may function as a "dress" for appellant's goods, it has, through advertising and use, acquired a trade-mark significance.

In this connection, it is argued by counsel for appellant that certain affidavits of record clearly establish that appellant's "stripe design" indicates origin of appellant's goods.

We have given careful consideration to the affidavits of record, but are unable to concur in the views expressed by counsel for appellant. It appears from those affidavits that appellant's "batteries" are sometimes called for by "some of the customers" as "striped batteries," and that customers generally recognize appellant's batteries by the "striped labels."

It appears from the record, as stated by counsel for appellant, that appellant has instructed its salesmen to encourage the public "to recognize and call for the 'striped battery,'" and that one of the slogans in appellant's advertising is "Look for the black and white stripes."

It is unnecessary to cite authorities in support of the statement that the function of a trade-mark is to indicate the origin of the article to which such mark is applied. It is true that a trademark may consist of an emblem, a symbol, a figure, a device, a word or words, etc. However, we know of no authority which authorizes the registration of a purely ornamental or distinctive "dress" for an article.

That there is a distinction between a design for the external "dress" of an article and a mark to indicate origin in a trade-mark sense, is not questioned here by counsel for appellant. A design may, as stated in the case of Ex parte Root Glass Company, 151 Ms.D. 623, lose its distinctive feature by repetition and become nothing more than an ornamentation or a distinctive design for the article to which it is attached. The primary object of such design or ornamentation not being for the exclusive purpose of indi-

cating origin or ownership in a trade-mark sense, the design or ornamentation cannot be considered as a valid trademark. Columbia Mill Company v. Alcorn, 150 U.S. 460, 14 S.Ct. 151, 37 L.Ed. 1144; In re American Circular Loom Company, 28 App.D.C. 446. See also Ex parte Wilson Spice Company, 129 Ms.D. 278.

We think it is apparent from the record that appellant's alleged trade-mark is a mere "dress" which gives a distinctive external appearance to appellant's goods; that. it is such distinctive appearance which is recognized by "some" of the purchasing public as indicating appellant's goods; and that appellant's design is merely a colored label or dress of black and white alternating stripes, the office of which (design) is not to point out distinctly the origin or ownership of the articles to which the label is affixed. See Fleischmann v. Starkey, C.C., 25 F. 127, and cases hereinbefore cited. We are of opinion, therefore, as were the tribunals of the Patent Office, that appellant's striped design is not registrable under the Trade-Mark Act of February 20, 1905.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

BLAND, Associate Judge, concurs in the conclusion.