31 C.C.P.A. (Patents)

## Application of BURGESS BATTERY CO.
### Patent Appeal No. 4872.

Court of Customs and Patent Appeals.

April 4, 1944.

Tesch & Darbo, of Chicago, Ill. (Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents affirming a decision of the Examiner of Trade-Marks denying appellant's application for the registration of an alleged trade-mark under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.

The mark sought to be registered consists of a shield design surrounded by alternating dark and light stripes of approximately equal width applied to dry batteries and flash light cases.

Five specimens of the mark as actually used upon appellant's goods were attached to the application.

The Examiner of Trade-Marks rejected the application upon the ground that the striped feature of the mark is merely the dress of the goods and furnishes only a background for the mark and is in no other way a part of a design. He suggested that such portion of the mark be deleted or disclaimed, but this suggestion was declined by appellant. In rejecting the application the examiner relied upon our decision in the case of In re Burgess Battery Company, 112 F.2d 820, 27 C.C.P.A., Patents, 1297, wherein we affirmed a rejection by the Patent Office tribunals of appellant's application for the registration of the stripes alone, without the shield, as a trademark.

The commissioner in affirming the rejection of the instant application by the Examiner of Trade-Marks stated:

"In the case of In re Burgess Battery Company, 112 F.2d 820, 822, 27 C.C.P.A. 1297, the present applicant was seeking registration, for the same goods, of this same mark without the shield design. In that case, as stated in the brief:

" 'The Examiner of Trade-Marks, the Commissioner of Patents, and the Court of Customs and Patent Appeals, in turn, all held that the stripes were not registrable.'

"No question has been raised by the examiner but that the shield design of the mark here in question is a valid trade-mark.

In fact, I have been informed off the record that it has been separately registered. But it was the examiner's opinion, in which I am constrained to concur, that the association of this feature with the alternating stripes does not result in a registrable combination, unless the stripes be disclaimed.

"I am inclined to agree with applicant 'that a proper interpretation of the decision of the Court of Customs and Patent Appeals in the Burgess Battery Company case places the stripes design, per se, held to be a common ornamentation device, in the same category as mere color so far as the matter of trade-mark registration is concerned.' That being true, it seems clear to me that the addition of an arbitrary design for which the stripes serve merely as a background would be unlikely to alter the court's conclusion. No one would seriously argue, for example, that to place a white star on the side of a red bucket would impart trade-mark significance to the red color."

It appears that the labels filed with the application in the above cited case were substantially the same as the labels filed with the application in the instant case. In appellant's brief upon appeal to the commissioner, which brief appears in the record, our decision in the case of In re Burgess Battery Company, supra, was discussed, and it was there stated that "The label specimens submitted with the application in the decided case were the same as those forming a part of the instant application."

In our decision in the cited case we said: "We think it is apparent from the record that appellant's alleged trade-mark is a mere 'dress' which gives a distinctive external appearance to appellant's goods; that it is such distinctive appearance which is recognized by 'some' of the purchasing public as indicating appellant's goods; and that appellant's design is merely a colored label or dress of black and white alternating stripes, the office of which (design) is not to point out distinctly the origin or ownership of the articles to which the label is affixed. See Fleischmann v. Starkey, C.C., 25 F. 127, and cases hereinbefore cited. We are of opinion, therefore, as were the tribunals of the Patent Office, that appellant's striped design is not registerable under the Trade-Mark Act of February 20, 1905."

The effect of our decision in said case is that stripes which are a mere dress of the goods can have no trade-mark significance, because they do not point out the origin of the articles to which the label is affixed.

■ It follows that a mark which contains as a part thereof a mere dress of the goods cannot be combined with an arbitrary mark in such a way as to give any trade-mark significance to such dress.

■ The difficulty with appellant's position is that, as used, the stripes form no part of the design, but are merely a background, not restricted in area, upon which the shield appears.

To hold that appellant's mark is registrable without a disclaimer of the stripes would involve holding that the stripes possessed some trade-mark significance contrary to our holding in the case of In re Burgess Battery Company, supra. As we adhere to our holding in said case, it follows that the decision appealed from should be affirmed.

■ Nothing herein should be understood as holding that stripes or other markings may not have trade-mark significance as a part of a design, but in such case the stripes or other markings must not be merely a part of the dress of the goods.

To illustrate, an arbitrary mark may have a distinctive background differing from the dress of the goods in which case the background might have some trade-mark significance, but if the background be the same as the dress of the goods it could have no such significance.

For the reasons stated, the decision appealed from is affirmed.

Affirmed.

GARRETT, P. J., did not participate in the consideration or decision of this case.