32 C.C.P.A.(Patents)

## Application of GEORGE LA MONTE & SON.

### Patent Appeal No. 4952.

Court of Customs and Patent Appeals.

Dec. 11, 1944.

Kenyon & Kenyon, of New York City (Douglas H. Kenyon, of New York City, and Lee B. Kemon, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Commissioner of Patents (58 U.S.P.Q. 87) affirming the decision of the Examiner of Trade-Marks rejecting appellant's application for the registration of an alleged trade-mark under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.

The mark for which appellant seeks registration consists of the word "Basketweave," and is for use on so-called "safety paper" such as is used for bank checks, bank drafts, tickets, vouchers, and the like.

It appears from the record that appellant is the manufacturer of safety paper, the surface of which is tinted and so lined as to give it a basketweave appearance. The design covers the entire surface of the paper, but apparently serves no utilitarian purpose. However, when an erasure is made on the paper, a white spot appears on the tinted surface, indicating that the check, draft, or the like has been altered.

The tribunals of the Patent Office refused registration of appellant's mark on the ground that the term "Basketweave" is descriptive of appellant's safety paper.

In his decision, the Commissioner of Patents stated that the mark is not used on appellant's paper in an arbitrary sense, but is merely descriptive of the design or ornamental finish of the surface of the paper, and that, owing to the fact that section 5 of the Trade-Mark Act of February 20, 1905, expressly prohibits registration of a mark which is merely descriptive of the the goods on which it is used or of the character or quality of such goods, appellant is not entitled to register its mark.

It is conceded by counsel for appellant that the term "Basketweave" is descriptive of the appearance or ornamental finish

of the surface of the paper to which appellant's mark is applied. Counsel contend, however, that the surface design on the paper is in itself a trade-mark; that it was adopted and used for that purpose; that it indicates origin in appellant; and that, therefore, the term "Basketweave" is not in any sense descriptive of the goods on which it is used.

It appears from affidavits of record that other manufacturers of so-called "safety paper" have used surface designs, consisting of various formations of lines, as trade-marks for the purpose of indicating origin in the manufacturer.

 It is evident from what has been said that the basketweave design, made by a distinctive formation of lines covering the entire surface of appellant's paper, serves not only as an ornamental feature of appellant's goods, but is, in fact, a part of such goods, and, although appellant may be entitled to protection from others copying its ornamental design under the law of unfair competition, it is not merely for that reason entitled to the registration of such design as a valid trade-mark. See Nims on Unfair Competition and Trade-Marks, 3rd Edition 509, § 191.

As was stated in the case of Ex parte Root Glass Company, 151 Ms.D. 623, which was reviewed and approved in the case of In re Burgess Battery Co., 112 F.2d 820, 27 C.C.P.A.,Patents, 1297, 1299, the exclusive use of a trade-mark is to indicate origin, and a design which covers the entire surface of an article loses its distinctive feature as a trade-mark and by repetition becomes nothing more than an ornamentation or distinctive design of the article itself and, therefore, cannot be considered a valid trade-mark under the Trade-Mark Act of February 20, 1905. See In re Burgess Battery Company, 142 F.2d 466, 31 C.C.P.A.,Patents, ——.

In the case of In re Barrett Company, 48 App.D.C. 586, the court quoted with approval the commissioner's decision in the case wherein it was stated, among other things, that—"by applying the mark all over the surface, the mark ceases to be a mark on the surface and becomes the surface itself. The mark, if there was one, is entirely lost by the mere fact of uniform repetition over the whole surface. It is no longer capable of appealing to the beholder as a mark of origin, but would inevitably create the impression that it was something else."

In the case of In re American Circular Loom Company, 28 App.D.C. 446, the court, in holding that a trade-mark consisting of "flakes of mica impressed in or otherwise applied to the external surface of an insulating tube or tubular coverings for electric wires" was not registrable as a trade-mark, quoted with approval the following from the commissioner's decision in the case:

"Custom and reason require that a trade-mark shall have an existence so distinct from the goods to which it is applied that it will be readily recognized by the public and by purchasers as an arbitrary symbol adopted to authenticate origin. The surface effect which the applicant calls his trademark is not so clearly distinct from the article upon which it appears as to be readily recognizable as an arbitrary symbol for this purpose, and, in my opinion, it would not be so recognized by those not specially informed."

Although the facts in the American Circular Loom Company case, supra, are somewhat different from the facts in the instant case, we think the quoted excerpt from the commissioner's decision is pertinent to the issues here involved.

In the cases cited, as in the instant case, it was urged by counsel for the applicants for trade-mark registration that the ornamental surface of the goods was adopted and designed for the purpose of indicating origin of the goods in the applicant.

We are in agreement with the Commissioner of Patents that the word "Basketweave" which appellant seeks to register as a trade-mark is merely descriptive of the ornamental surface of appellant's paper; that it is descriptive of appellant's goods or of the character or quality of such goods; and that, therefore, appellant is not entitled to the registration of its mark.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.