**BURGESS BATTERY CO. v. MARZALL.**

**C. A. No. 3611–50.**

United States District Court
District of Columbia.

Dec. 20, 1951.

Clarence M. Fisher, Washington, D. C., Howard H. Darbo and A. Trevor Jones, Chicago, Ill., for plaintiff.

E. L. Reynolds, Sol., Washington, D. C. for defendant.

YOUNGDAHL, District Judge.

Plaintiff comes into Court for an adjudication authorizing the registration of a design consisting of vertical alternate light and dark stripes of indefinite size and extent, as a trade-mark for batteries on the principal register. On two prior occa-

sions plaintiff endeavored to have registered this design. The registration was first refused by the Court of Customs and Patent Appeals in 1940.[1] Later in 1944 an attempt was made to register a shield surrounded by these same alternating light and dark stripes. This endeavor was likewise unsuccessful.[2]

In refusing registration in the second case, the Court of Customs and Patent Appeals, inter alia, stated: "To hold that appellant's mark is registrable without a disclaimer of the stripes would involve holding that the stripes possessed some trademark significance contrary to our holding in the case of In re Burgess Battery Company, supra. As we adhere to our holding in said case, it follows that the decision appealed from should be affirmed."

Subsequent to the second Burgess case in the Court of Customs and Patent Appeals, Congress enacted the Trade-Mark Act of 1946, 15 U.S.C.A. §§ 1051–1127. The 1946 Trade-Mark Act, also known as the Lanham Act, was enacted for the purpose of codifying, modernizing and improving the trade-mark statutes of the United States. Among other things this Act liberalized the registration of certain trademarks. Section 2(f) of the Lanham Act, 15 U.S.C.A. § 1052, permits the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce.

It is plaintiff's position that its design has acquired a secondary meaning so as to entitle it to registration under § 2(f) of the Lanham Act, supra.[3]

Defendant asserts that plaintiff endeavors here to relitigate what the Court of Customs and Patent Appeals decided on two occasions adversely to it and that in any event the design is not a trade-mark, registrable under the Lanham Act.

I have reached the conclusion that the issue presented here is res judicata against plaintiff. On the two previous occasions plaintiff had its day in Court as to whether this stripes design is registrable as a trade-mark. Unless the Lanham Act changes the previous concept of a trade-mark, plaintiff is estopped from again litigating this issue. But the Lanham Act embraces the same idea of a trade-mark which was expressed in the two Burgess cases, supra, and which was clearly fixed by the decisions and texts at the time the Act was passed.[4] Section 2(f) of the 1946 Act provides for the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The word "mark" is defined in § 45 of the Act as follows: "The term 'mark' includes any trade-mark, service mark, collective mark, or certification mark entitled to registration under this chapter whether registered or not." 15 U.S.C.A. § 1127.

It is not claimed here that the present design is a service mark, collective mark or certification mark—therefore, unless it can be held to be a trade-mark within the meaning of the 1946 Act it cannot be registered on the principal register. Section 45 of the 1946 Trade-Mark Act defines a trade-mark as including "any word, name, symbol, or device or any combinations thereof adopted and used by a manufacturer or merchant to identify his goods and distinguish them from those manufactured or sold by others." This is almost identical with the conception of a trade-mark as it was considered in the Burgess cases.

1. In re Burgess Battery Co., 1940, 112 F.2d 820, 27 C.C.P.A., Patents, 1297.

2. Application of Burgess Battery Co., 1944, 142 F.2d 466, 467, 31 C.C.P.A., Patents, 1039.

3. Section 2(f), Lanham Act states as follows:
   "Except as expressly excluded in subsections (a), (b), (c), and (d) of this section, nothing in this chapter shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce."

4. In re Burgess Battery Co., supra; Application of Burgess Battery Co., supra; McLean v. Fleming. 96 U.S. 245, 254, 24 L.Ed. 828; Nims, Law of Unfair Competition, 4th Ed. (1947), p. 514; Robert, New Trade-mark Manual, pp. 4, 5; Derenberg, The Lanham Trade-Mark Act, 38 T.M.R., 833.

In the first Burgess case the Court held as follows: "We think * * * that appellant's design is merely a colored label or dress of black and white alternating stripes, the office of which (design) is not to point out distinctly the origin or ownership of the articles to which the label is affixed." [5]

If plaintiff's design "is not to point out distinctly the origin or ownership of the articles", as held in the Burgess case, then the same design does not identify the articles and distinguish them from others as required under the definition of a trade-mark in the 1946 Act. In each of the Burgess cases the Court clearly held that the stripes design was not and could not be a trade-mark. In the second case the Court stated that "stripes which are a mere dress of the goods can have no trade-mark significance". Thus, the design in the instant case was not a trade-mark in 1944 when the second case was decided. Because the 1946 Act did not give a new meaning to a trade-mark, the design cannot be considered a trade-mark now; hence the issue has been adjudicated by the previous decisions.

 However, assuming arguendo, that res judicata does not bar plaintiff in this case, it seems clear that the design in question is merely the dress of the goods and is inherently incapable of acquiring the status of a trade-mark under the 1946 Act.

Registration of a particular package or dress of goods on the principal register does not seem to be contemplated. This conclusion is fortified when one considers that § 23, relating to the supplemental register, contains a special definition of mark which includes "label, package, configuration of goods, * * *." The omission of reference to labels or dress of goods in connection with the principal register and the inclusion thereof on the supplemental register would seem to indicate an intention to confine such matters to the supplemental register. The text writers since the 1946 Act have confirmed this conclusion.[6]

While no Court decision has been cited or found on the effect of the 1946 Act to the point here in issue, the case of Campbell Soup Co. v. Armour, 3 Cir., 175 F.2d 795, 799, decided since the Act was passed is helpful. The Court there held that "The mere division of a label into two background colors, as in this case, is not, however, distinct or arbitrary". The District Court decision, 81 F.Supp. 114, 118, which was affirmed on appeal pointed out that "Red and white banding is mere tasty dress which cannot be monopolized." [7]

The Court concludes therefore that the prior holdings of the Court of Customs and Patent Appeals are res judicata against the right of plaintiff to register its design and that, in any event, the stripes design in the instant case does not and inherently cannot have any trade-mark significance but is merely ornamental dress of the battery.

Findings of Fact and Conclusions of Law may be prepared consistent herewith.

---

5. In re Burgess Battery Co., supra, 112 F.2d at page 822.

6. Derenberg, Second Year of Administration of the Lanham Act, 39 T.M.R., 657,

658; Nims, op. cit., p. 331; Amdur, Trade-Mark Law & Practice, p. 40.

7. See also Life Savers Corp. v. Curtis Candy Co., 7 Cir., 1950, 182 F.2d 4.