Woklex, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Commissioner of Patents, 111 USPQ 851, affirming the action of the examiner in finally refusing registration on the Supplemental Register of appellant’s alleged trademark for potentiometers consisting of an elongated rectangular body provided with eyelets on two of its long sides and having a U-shaped channel member covering three of such sides except for narrow marginal portions. An adjusting screw head is located in one end.
Refusal to grant registration was on the ground that the subject matter is not capable of distinguishing applicant’s goods in commerce.
In a companion appeal, No. 6318, decided of even date herewith, appellant seeks to obtain a design patent on the same device.
Section 23 of the Lanham Act (Trademark Act of 1946) provides •for registration on the Supplemental Register of any package or “configuration of goods” which is “capable of distinguishing the applicant’s goods or services.” It is contended in the brief on behalf of the Commissioner that “configuration of goods,” as used in section 23, “must be restricted to the configuration of a particular part or feature of the article and may not extend to the shape or design of the entire device.” We find it unnecessary to rule on that contention, however, since we are of the opinion the alleged configuration of appellant’s potentiometer is not capable of distinguishing it from the goods of others within the meaning of section 23.
The provision for the registration of “configuration of goods” appeared in the trademark laws for the first time in the Lanham Act ■and has not previously been adjudicated by this court. However, a somewhat similar question has been passed on with respect to packages, and it would seem the same principles would be fairly applicable in both cases. In fact, in some instances, such as perfumes or beverages sold in ornamental bottles designed to be used after the contents have been disposed of, the line of distinction between the package and configuration of the goods is quite vague.
The case of In re Burgess Battery Co., 27 C. C. P. A. (Patents) 1297, 112 F. 2d 820, 46 USPQ 39, involved batteries having alternating black *823 and white stripes “applied entirely about the goods and packages.” The record showed that customers generally recognized such batteries as the products of appellant and sometimes called for them as “striped batteries.” In holding that the striped design did not constitute a trademark the court said:
* * * The primary object of such design or ornamentation not being for the exclusive purpose of indicating origin or ownership in a trade-mark sense, the design or ornamentation cannot be considered as a valid trade-mark. * * *
We think it is apparent from the record that appellant’s alleged trade-mark is a mere “dress” which gives a distinctive external appearance to appellant’s goods; that it is such distinctive appearance which is recognized by “some” of the purchasing public as indicating appellant’s goods; and that appellant’s design is merely a colored label or dress of black and white alternating stripes, the office of which (design) is not to point out distinctly the origin or ownership of the articles to which the label is affixed. * * *
In the later case of In re Burgess Battery Company, 31 C. C. P. A. (Patents) 1039, 142 F. 2d 466, 61 USPQ, 367, the court said with respect to the earlier case:
The effect of our decision in that case is that stripes which are a mere dress of the goods can have no trade-mark significance because they do not point out the origin of the article to which the label is affixed.
Similarly in Campbell Soup Company et al. v. Armour and Company, 81 USPQ 430 (C. C. A. 3rd Circuit) it was held that the design of a package did not constitute a trademark unless it was “distinct and arbitrary.”
The first Burgess case was further discussed and distinguished in In re Swift & Co., 45, C. C. P. A. (Patents) 1048, 223 F. 2d 950, 106 USPQ 286, in which the court said:
While in the cited case the striped design was merely ornamental dress which was devoid of trade-mark significance, it does not thereby follow that a trade-mark device only incidentally ornamental, and in a sense decorative of the label upon which it appears, is not entitled to registration. * * * The Burgess Battery case, supra, stands for the proposition that that which is only the attractive dress of an article, although it be distinctive in its appearance and sometimes recognized by purchasers as an indication of origin, does not have, as its primary function, an origin-authenticating purpose, and is hence not a trade-mark entitled to Federal registration under the statute. Since the line distinguishing between mere ornamentation and ornamentation which is merely an incidental quality of a trade-mark is not always clearly ascertainable, the application of legal principles to fit one situation or the other requires proper reflection upon the impression likely to govern the ordinary purchaser in the market place. For that reason, the merits of each ease of the character here presented must be individually and accordingly adjudged.
While the cases above cited do not relate to the registration of marks on the Supplemental Register, they are pertinent here so far as they relate to whether the appearance of an article may constitute a trademark, and whether it indicates origin.
*824 ¡[2] In our opinion the configuration of an article, like a package or the dress of the goods, cannot properly be registered as a trademark, ©Ten on the Supplemental Register, unless it is intended primarily, to indicate origin of the- goods and is of such a nature that the ordinary purchaser would be likely to consider that it indicated such origin.
• • In the instant case it seems clear that the alleged configuration of appellant’s potentiometer results primarily from considerations of utility and secondarily from a desire to produce an attractive appearance. We,agree with the Commissioner that there is nothing in the' record which would support a finding that the subject matter is, capable of distinguishing appellant’s goods..
The decision of the Commissioner is affirmed.