45 C.C.P.A.(Patents).

**Application of CIRCUS FOODS, Inc.**

**Application No. 6336.**

United States Court of Customs
and Patent Appeals,
Jan. 31, 1958.

Rehearing Denied March 11, 1958.

Henry Gifford Hardy, San Francisco, Cal., and William E. Rollow, Washington, D. C., for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, and RICH, Associate Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Assistant Commissioner of Patents, acting for the Commissioner, affirming the action of the Examiner of Trademarks refusing to grant appellant a registration of the words "Nutsy the Clown," together with a picture of a circus clown, as a trademark for nuts, peanut butter and oil, candy, popcorn and potato chips. 110 USPQ 501, rehearing denied, 111 USPQ 160.

The examiner's refusal was based on the ground that the alleged mark did not serve the trademark function of indicating origin but was merely "an advertising vehicle for a television program." The Assistant Commissioner affirmed the examiner's refusal of registration on that ground, and added, as a further ground for refusing registration, a holding that we will hereinafter discuss.

The record shows that applicant's labels for 6 or 7 ounce vacuum tins have a background of vertical red and white stripes superimposed on which is a yellow escutcheon at the top of which is emblazoned in large letters the word "Circus," beneath which is a baby elephant jumping through a paper hoop. Beneath the escutcheon a small horizontal space is provided on each label wherein the contents of the can are described. What was actually shown to the Patent Office as an alleged trademark use was a white

paper sticker about 1¾ x 2½ inches printed in blue ink and bearing a line drawing of a clown at the left adjacent printing on the right reading "See Nutsy the Clown on TV and in your grocery stores." This sticker was stuck on the can in such a position that one looking at it could not see the Circus label and vice versa.

One exhibit entitled "Circus Foods Tells Why TV Gets Lion's Share of Advertising Dollar," from "Sales Management" for August 1952, is most revealing as to the entire situation. Circus Foods, under the guidance of its advertising agency, developed an extensive and integrated promotion scheme with a "circus theme." The can design was intended to tie in with it. Several TV programs were evolved, one of which was a children's show called "Peanut Circus." Nutsy the Clown was one of the stars of this show, another Cashew, a monkey (apparently a real one). "Circus nuts are mentioned every few moments in one way or another and the package is constantly in view." Twice the article refers to " 'Peanuts,' the Circus elephant jumping through a hoop" as being "the trademark." Local newspaper promotion of the "Peanut Circus" show featured Nutsy the Clown as a performer while avoiding direct mention of his sponsor and playing up his appearances at hospitals, orphanages, boys' clubs and the like.

■■ We are in agreement with the Patent Office tribunals that appellant has not shown a trademark use of the words and picture here sought to be registered on the goods named in its application. The so-called mark, as used, is nothing more than an advertisement of the television and personal appearances of the character known as "Nutsy the Clown." It is true that those appearances are made for the purpose of advertising appellant's products and that the public may, in a general way, associate the clown with those products. But that is not, in itself, sufficient to show a trademark use. In re Burgess Battery Co.,

112 F.2d 820, 27 C.C.P.A., Patents, 1297. There is nothing in the manner in which the "mark" is used to suggest that it is intended to indicate the origin of the product on which it appears, or to serve any other purpose than to direct attention to the appearances of Nutsy the Clown.

As above indicated, the clown "mark" was added to labels which had previously been used and considered as complete and sufficiently indicating origin of the goods, without that added "mark." Before that addition the product would obviously have been identified as to origin by the word "Circus," and such identification evidently continued after the clown design was added to the containers, since there are a number of advertisements of record referring to appellant's products as "Circus Nuts" or "Circus Peanuts," even when the advertisements also refer to the clown. There is nothing of record showing that the product itself has been designated by the word "Clown" or "Nutsy."

Appellant relies on the decisions of the Assistant Commissioner in Salem Commodities v. Miami, 106 USPQ 411 and Ex parte L. M. Eddy Manufacturing Co., Inc., 111 USPQ 285. The former decision which was reversed by this court, Salem Commodities, Inc., v. Miami Margarine Co., 244 F.2d 729, 44 C.C.P.A., Patents, 932, involved the mark "Nu Maid" and the use of advertising campaigns featuring a person representing "Miss Nu Maid." The Assistant Commissioner held that these features created "a single commercial impression." However, the issue in that case was confusing similarity, and not whether there had been use as a trademark. Moreover, there was no indication in that litigation that the mark on the involved goods had served the purpose of advertising appearances of "Miss Nu Maid."

In the Eddy case it was held that the words "Made by Sgt. Eddy" appearing on a container constituted a trademark use of "Sgt. Eddy." Obviously, in that instance the words "Sgt. Eddy" referred

to the origin of the goods and not to a television or personal appearance. The Eddy case, therefore, is clearly distinguishable from the instant one.

For the reasons given we hold that appellant has not shown a trademark use of the alleged mark here involved and that it was therefore properly refused a registration.

The Assistant Commissioner also refused registration on the further ground that the evidence presented in Frank Herfort Canning Co., Inc. v. Circus Foods, Inc., 110 USPQ 498, and Circus Foods, Inc. v. Frank Herfort Canning Co., Inc., 110 USPQ 501, showed that appellant's only business was packing and selling nuts and accordingly that the representations made in the oath in the application involved in this appeal, indicating that appellant has used its alleged trademark on other goods, "are false." Since we are of the opinion that appellant has not shown a trademark use, it is unnecessary to pass upon the question whether the evidence hereinbefore described was properly considered in the instant case, or whether it supports the conclusion reached by the Assistant Commissioner. It may be noted, however, that it seems questionable that a mere discrepancy between the testimony in the cited case, and the oath in the instant application would, alone, constitute such falsity as would justify the refusal of registration without affording the applicant an opportunity to explain the inconsistency or to amend his application to eliminate it.

For the reasons given, the decision of the Assistant Commissioner is affirmed.

Affirmed.