47 CCPA

## Application of SIMMONS COMPANY.
### Patent Appeal No. 6552.

United States Court of Customs
and Patent Appeals.
May 24, 1960.

Soans, Anderson, Luedeka & Fitch, Cyril A. Soans, Chicago, Ill. (William E. Anderson, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges,

and Judge WILLIAM H. KIRKPAT-RICK.[1]

WORLEY, Chief Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board of the United States Patent Office affirming the examiner's refusal to register appellant's alleged trademark for mattresses on the supplemental register.

As shown by the drawing of appellant's application, the mark comprises a series of horizontally spaced pairs of vertical rows of stitches which are applied on an outer vertical face of the mattress. The spacing between the pairs of rows of stitches is approximately six times the spacing between the rows of each pair.

As shown by the record, appellant has attempted, by advertising on a national scale, to cause the public to associate the stitches with its product. Typical advertisements contain the statement, "Look for the border with the vertical double stitch lines—it identifies the Beautyrest Mattress." Also of record are two affidavits, one by a mattress salesman and one by a purchaser, in which they state that they recognize the double stitch lines as identifying Beautyrest mattresses. There are two affidavits by an attorney associated with appellant's counsel, to the effect that five employees interviewed in a Chicago store recognized the double stitched border as identifying one of appellant's mattresses.

Appellant originally sought registration on the principal register, but was advised by the examiner that the proposed mark "at this time does not appear to distinguish the goods of applicant from similar goods of others." The examiner suggested that the application might be transferred to the supplemental register and that "the evidence submitted may support a holding that the mark is 'capable of distinguishing.' "

1. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge*

*O'CONNELL*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

However, when applicant transferred to the supplemental register, the same examiner refused registration on the ground that the mark was not capable of distinguishing appellant's goods in a trademark sense.

The board agreed with the examiner stating that

"The record fails to show that average purchasers recognize such stitching as a trademark or that they are in any way moved, by the stitching, to buy applicant's mattresses. It seems clear from the record that purchasers are moved by the trademark 'Beautyrest' to buy applicant's mattresses, and having decided on that brand, the stitching presented here for registration enables the salesmen to locate applicant's mattresses on the floor."

■ That statement appears to involve two misconceptions. In the first place, it is not the function of a trademark to "move" prospective purchasers to buy goods, but to identify and distinguish them from the goods of others. A trademark may or may not "move" purchasers to buy the goods.

■ Second, and of more importance here, the quoted statement suggests that a mark cannot be placed on the supplemental register unless it can be shown that the "average purchaser" recognizes it as a trademark. However, that is not the test set forth in the applicable statute (15 U.S.C. § 1091, 15 U.S.C.A. § 1091), which provides, with certain exceptions not pertinent here, that "All marks *capable of distinguishing* applicant's goods or services and not registrable on the principal register" may be registered on the supplemental register. The test is not whether the mark, when registration is sought, is actually recognized by the average purchaser, or is distinctive of the applicant's goods in commerce, but whether it is *capable* of *becoming* so. In fact a mark which has become distinctive of an applicant's goods, if not otherwise barred, is registrable on the principal register,

hence is expressly barred from the supplemental register.

■ The board has not held that the mark is inherently functional or advanced any other specific reason why appellant's mark is *not* capable of distinguishing its goods from those of others, and we see none. So far as appears from the record, the double rows of stitching are quite distinct in appearance from the stitching on the mattresses of others, the attention of the public has been directed to this feature as distinctive of appellant's goods, and affidavits have been presented to the effect that they identify appellant's goods by such stitching. On the basis of such facts we cannot hold that the mark is *incapable* of distinguishing.

On the facts here we conclude that appellant is entitled to registration of its mark on the supplmental register. The decision appealed from is reversed.

Reversed.