HELENA RUBINSTEIN, INC., Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 3332–61.

United States District Court
District of Columbia.

June 27, 1963.

. Amram, Hahn & Sundlun, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This is a civil action brought pursuant to 15 U.S.C. § 1071 and 35 U.S.C. § 145 in which plaintiff as the applicant in an action for trademark registration, Serial No. 25,892, filed March 11, 1957, sought to have the Court authorize the Commissioner of Patents to issue to it, on the basis of that application, a certificate of registration for the word "PASTEURIZED" on the Principal Register established by Section 1 of the Trademark Act of 1946.

The Examiner and the Trademark Trial and Appeal Board refused to register the mark as being highly descriptive of such a product and that the term is not sufficient to indicate the origin of any product which is capable of being pasteurized when the term is used thereon.

It is alleged in the application that the said mark has been continuously used in plaintiff's business since March 1, 1923, and specimens filed with the application comprised photographs of the containers of applicant's goods, on which the following appears on the front portion thereof:

"Pasteurized" Face Cream Special
The Perfect Cleansing and Beauty Cream
Helena Rubinstein

It has been the position of the tribunals of the Patent Office that the involved term is so highly descriptive of applicant's face cream that it is incapable of identifying such product and distinguishing it from like goods of others, and that

**260**

it simply denotes that the cream could be or has been treated by pasteurization. It was not denied in the Patent Office that it had been pasteurized, but the contention made there was that whether or not it was so processed is not material for the reason that it had acquired a secondary meaning as an indication of origin.

The definition of the word "Pasteurization" in Webster's New International Dictionary, Second Edition (1947) is defined as "The partial sterilization of a fluid at a temperature * * * which does not greatly change its chemical composition * * *".

In the deposition of a witness for plaintiff it was stated that in making the cream the mixture of ingredients was heated up to 130 or 150 degrees Fahrenheit. That is substantially the range of pasteurization.

 Plaintiff is the assignee of Registration No. 275,501, issued February 20, 1940 (under the Trademark Act of 1905) to a predecessor, published (under Section 12(c) of the Act of 1946) on April 5, 1960, and renewed. The term "Pasteurized" was disclaimed therein which seemingly was an admission by the registrant that the word was descriptive of the goods to which it was applied. Therefore, plaintiff's ownership of said registration cannot be deemed prima facie evidence of distinctiveness or of any evidentiary value with respect to applicant's claim of secondary meaning.

The use of "PASTEURIZED" as has been made by plaintiff herein is not of a nature calculated to cause purchasers to recognize this term as an indication of origin for plaintiff's face cream rather than as a term used merely to describe a face cream produced by plaintiff which could or has been pasteurized.

The fact that plaintiff and its predecessor alone have used the term "PASTEURIZED" continuously in connection with facial and massage creams for over thirty years, and have been the only ones to do so, is not of itself sufficient to establish a secondary meaning of the term, and furthermore, the fact

that the involved term has been used so extensively and over such a long period of time cannot, in the opinion of the Court, make it properly a term for registration as applied for, particularly in view of the fact that one of plaintiff's own witnesses in his deposition stated that the materials entering into the cream have been substantially pasteurized.

For the reasons herein given, the Court finds for the defendant and against the plaintiff in that the decisions of the tribunals of the Patent Office have not been shown to be in clear error.

The findings of fact have been included in what has been hereinbefore stated, and as a conclusion of law the Court holds that plaintiff is not entitled to the registration as prayed for.