**CONSOLIDATED VACUUM CORPORATION, a New York corporation, Plaintiff,**

v.

**MACHINE DYNAMICS, INCORPORATED, et al., Defendants.**

**Civ. No. 62-1549.**

United States District Court
S. D. California,
Central Division.
May 27, 1964.

Christie, Parker & Hale, by Edward J. DaRin, Pasadena, Cal., for plaintiff.

Lyon & Lyon, Conrad R. Solum, Jr., by R. Douglas Lyon, Stephens, Jones, La-Fever & Smith, Donald P. Clark, Los Angeles, Cal., for defendants.

THURMOND CLARKE, District Judge.

This action is presently before the court for resolution of two questions: the jurisdiction of this court, and the standing of the plaintiff to bring action.

Plaintiff claims an exclusive right, under license from the patentee, to manufacture, use and sell certain shock testing equipment. By its first cause of action, plaintiff seeks damages for patent infringement. By its second cause of action, plaintiff seeks to recover damages for unfair competition.

For purposes of the present decision, the parties have narrowed the questions to these:

1. Is the court precluded from trying the cause of action for patent infringement by provisions of 28 U.S.C. § 1498?

2. Does this plaintiff, as a licensee, have sufficient title and interest

to assert a cause of action for unfair competition?

The devices in question are shock testing systems, used to test equipment manufactured for the Government for use in its missile and space programs. Defendant Machine Dynamics, Incorporated, sold the allegedly infringing devices to companies holding Government contracts and subcontracts. In each instance with which the court is concerned, title to the device was taken by the contractor, not by the Government. There is evidence the equipment can be used for purposes other than the testing of missile and space devices, and that the equipment has been advertised for sale in trade journals.

 Defendants maintain sole jurisdiction of any cause of action for infringement is in the Court of Claims under provisions of 28 U.S.C. § 1498, the applicable portion of which provides:

*"Patent and copyright cases*

"(a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same, the owner's remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture.

"For the purposes of this section, the use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States."

The purpose of § 1498 is to relieve the contractor entirely of liability of every kind for infringement of patents in manufacturing anything for the Government and to limit the owner of the patent and his assigns and all claiming through or under him to suit against the United States in the Court of Claims for recovery of his reasonable and entire compensation for such use and manufacture. Richmond Screw Anchor Company v. United States, 275 U.S. 331, 48 S.Ct. 194, 72 L.Ed. 303 (1928).

The contracts between the Government and purchasers of the shock testing equipment did not require the contractors to use the particular shock testing devices here involved; and it appears the Government did not directly authorize, consent to, nor know of their use.

In the case of Wood v. Atlantic Gulf & Pacific Co., 296 F. 718 (5th Cir. 1924), the court emphasized the necessity for the Government's consent to use of the patented article in order to bring an action for infringement within the ambit of the Code section. That court said, at p. 722:

"When the government knows and obliges the contractor to use the patented article, of course the government should be willing to pay; but it will be going entirely too far to say that, because any independent contractor for his own convenience saw fit to use the patented article in doing government work, the government should pay for such use by him, when they did not know he was using it."

See also, Drexler v. Koza, 88 F.Supp. 298 (W.D.Pa.1950).

 It is true the Government's consent need not be express. On this point defendants cite Bereslavsky v. Esso Standard Oil Co., 175 F.2d 148 (4th Cir. 1949). In that case, the Government had ordered aviation gasoline of a certain grade, which could not be manufactured without use of an infringing product unless production were materially curtailed to the detriment of the war effort; further, officers of the Government knew the gasoline contained the allegedly infringing product. Thus Bereslavsky presents a much stronger case for implied consent and consequent exclusive juris-

diction in the Court of Claims than does the action before us.

The United States Court of Appeals for the Ninth Circuit, in the case of Neff Instrument Corporation v. Cohu Electronics, Inc., 269 F.2d 668 (9th Cir. 1959), analyzed facts similar to those here presented, and said, in part, at p. 671:

> " * * * the patented article was not something that could only be used in government contract work, or in defense contracts. It was not part of a missile or plane. It was an article which could be used to advantage by many electronics manufacturing companies in the manufacture of devices that might never be used on a government contract or in connection therewith. As the best evidence of this fact, the equipment in question was advertised for sale to the public in various trade journals * * *."

The court finds the manufacture here was not with such consent of the Government—express or implied—as to vest sole jurisdiction in the Court of Claims.

Plaintiff asserts a right to bring this action as assignee of an agreement by which General Dynamics Corporation (Convair) granted to Consolidated Electrodynamics Corporation

> " * * * the exclusive right, privilege and license to manufacture, to use, and to sell throughout the United States Commercial Shock Testing Machines. * * * "

With consent of General Dynamics, Consolidated Electrodynamics assigned its interest under the agreement to Consolidated Vacuum Corporation.

The agreement provides if Convair should fail within a specified time to institute action for any infringement, the licensee might bring action in its own name, in that of Convair or in both.

The case of Etherington v. Hardee, 290 F.2d 28 (5th Cir. 1961), states the general rule, at pp. 29–30:

> " 'It has long been settled that a licensee may not maintain a suit for infringement * * *; and that to entitle an assignee or grantee to maintain such a suit under warrant of Rev.Stats. § 4919 [35 U.S.C.A. §§ 281, 284] such assignee or grantee must have an assignment, grant or conveyance, either of the whole patent, of an undivided part of it, or of an exclusive right under it "within and throughout a specified part of the United States." Any assignment or transfer short of one of these is a mere license giving the licensee no interest in the patent sufficient to sue at law in his own name for infringement or in equity without joining the owner of the patent.' * * * " (Brackets in quoted material.)

The case of Wing Engineering Corporation v. United States, 138 Ct.Cl. 260, 151 F.Supp. 314 (1957), held a licensee under a contract which authorized it to sue was an "owner" and had standing to bring action for infringement. A similar situation exists here.

We turn then to plaintiff's second claim, for unfair competition. Therein plaintiff alleges that defendants Stewart, Yang and Haines formerly were employed by General Dynamics Corporation in research and development of shock testing devices; that these individual defendants devised certain inventions and improvements in shock testing equipment which they were, by contract, required to disclose to their employer; that the three, with other defendants, formed a corporation and appropriated the inventions; that plaintiff acquired the exclusive right from General Dynamics to manufacture, use and sell the latter's inventions and improvements relating to shock testing devices; and that by their actions defendants have competed unfairly with plaintiff.

Defendants maintain plaintiff has no standing to bring this second claim, in that it is essentially one for

breach of contract and there is no privity between the parties.

We must note this is not a motion for dismissal for failure to state a claim— we are not concerned at this point with the question whether relief can be granted, but solely with the question whether plaintiff has standing to assert the claim.

While the sequence of events begins with and grows out of a contractual relationship, the gravamen is not defendants' purported breach of contract but rather the activity that followed the breach, i. e., the utilization and sale of devices which defendants were able to manufacture because of knowledge not disclosed to General Dynamics Corporation. Cf. Pursche v. Atlas Scraper and Engineering Co., 300 F.2d 467 (9th Cir. 1961), at p. 483.

Plaintiff's claim for unfair competition is joined with a substantial and related claim under the patent laws (28 U.S.C. § 1338). The court finds it has jurisdiction thereof, and plaintiff has standing to assert the claim.