56 CCPA

### Application of HELENA RUBINSTEIN, INC. (two cases).

### Patent Appeal Nos. 8144, 8145.

United States Court of Customs and Patent Appeals.

May 15, 1969.

Laforest S. Saulsbury, New York City, attorney of record, for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Jack E. Armore, Washington, D. C., of counsel.

Before WORLEY, Chief Judge, McGUIRE, Judge, sitting by designation, and RICH, ALMOND and BALDWIN, Judges.

ALMOND, Judge.

We are confronted here with two separate appeals from a single decision of the Trademark Trial and Appeal Board[1] affirming the examiner's refusal to register on the Supplemental Register appellant's marks "PASTEURIZED"[2] and "PASTEURIZED" FACE CREAM SPECIAL[3] for face cream, on the ground that the word "Pasteurized" was "so highly descriptive as to be incapable of distinguishing the goods." First use since March 1, 1923 is asserted.

1. 152 USPQ 445.

2. Patent Appeal Docket No. 8144, application serial No. 150,720 filed August 7, 1962.

3. Patent Appeal Docket No. 8145, application serial No. 150,721 filed August 7, 1962.

4. Webster's Third New International Dictionary defines "pasteurization" as:
   a method devised by Pasteur to check fermentation (as in wine or milk) involving the partial sterilization of a substance (as a fluid) at a temperature

We deem it appropriate to treat and dispose of both appeals in a single opinion.

It is stated in the examiner's Answer that the testimony in a prior case involving appellant, Helena Rubinstein, Inc. v. Ladd (U.S.D.C.D.C.1963), 219 F.Supp. 259, affd. 141 USPQ 623, indicates that appellant's goods are in fact pasteurized. The above-styled case involved an appeal from the refusal of the Patent Office to allow registration on the Principal Register of the word "PASTEURIZED" for face cream on the ground that the word was merely descriptive of applicant's goods. The District Court commented as follows:

The fact that plaintiff and its predecessor alone have used the term "PASTEURIZED" continuously in connection with facial and massage creams for over thirty years, and have been the only ones to do so, is not of itself sufficient to establish a secondary meaning of the term, and furthermore, the fact that the involved term has been used so extensively and over such a long period of time cannot * * * make it properly a term for registration as applied for, particularly in view of the fact that one of plaintiff's own witnesses in his deposition stated that the materials entering into the cream have been substantially pasteurized.

After citing Webster's Third New International Dictionary,[4] the board, in affirming the examiner, stated:

It is clear enough * * * that the word "PASTEURIZED" is generically

and for a length of time that does not greatly change its chemical composition but does destroy many pathogenic organisms and other undesirable bacteria though spores and thermoduric organisms (as lactic acid bacteria) survive. Webster's New International Dictionary, Second Edition, defines "pasteurization" as:
   The partial sterilization of a fluid at a temperature (131°–158° F.) which does not greatly change its chemical composition. Certain pathogenic organisms and other undesirable bacteria are de-

descriptive of any and all products which have been subjected to pasteurization, as it likewise is that it would be deceptively misdescriptive as applied to a product which could be but has not been subjected to pasteurization.

In view of the foregoing, and since applicant's face creams, as noted by the Court, have been "substantially pasteurized", we agree with the Examiner that the word "PASTEURIZED" does not possess the capacity to distinguish applicant's goods.

■ There can be no doubt that the issue of pasteurization was directly before and dealt with by the District Court on the basis of testimony substantially reproduced before us in appellant's brief. On this phase of the matter, appellant has had its bite at the proverbial cherry. Appellant's present insistence and argument that the District Court committed error in holding that the face cream had been "substantially pasteurized" is not within our competence to review, nor do we consider it the determinative factor of the issue we are called upon to resolve in the pending appeals. Suffice it to say that the opinion of the board, in the light of the dictionary definitions, holding that appellant's face cream had been "substantially pasteurized" finds ample support in the record. Certain it is that the product is amenable to and was subjected to the process of pasteurization.

■ Appellant in its brief cites an expired registration of PASTEURIZED CREAM, for facial and massage creams, under the Act of 1920 and argues that this constitutes "a recognition by the Patent Office of the fact that 'PASTEURIZED' is a trademark"; that no intervening factual situation would prevent the mark from distinguishing appellant's goods, and that the continued exclusive use should enhance rather than diminish re-registrability. It is pointed

out that this argument was not made before the board, hence is not properly before us. In re Osweiler, 52 CCPA 1427, 346 F.2d 617, 145 USPQ 691; In re Allen, 51 CCPA 809, 324 F.2d 993, 139 USPQ 492.

Appellant advances the argument that notwithstanding the assumption that the mark PASTEURIZED is not capable of distinguishing the goods from those of others, such finding, in itself, is not sufficient to preclude registration on the Supplemental Register, citing In re Simmons Co., 47 CCPA 963, 278 F.2d 517, 126 USPQ 52. In *Simmons* the court stated:

> Second, and of more importance here, * * * [it is suggested] that a mark cannot be placed on the supplemental register unless it can be shown that the "average purchaser" recognizes it as a trademark. However, that is not the test set forth in the applicable statute (15 U.S.C. 1091), which provides, with certain exceptions not pertinent here, that "All marks *capable of distinguishing* applicant's goods or services and not registrable on the principal register" may be registered on the supplemental register. The test is not whether the mark, when registration is sought, is actually recognized by the average purchaser, or is distinctive of the applicant's goods in commerce, but whether it is *capable of becoming* so. In fact a mark which has become distinctive on an applicant's goods, if not otherwise barred, is registrable on the principal register, hence is expressly barred from the supplemental register. [Emphasis original.]

It is our view that the test applied in *Simmons* is to be taken subject to the construction placed on the applicable statute in In re Bourns, 45 CCPA 821, 252 F. 2d 582, 117 USPQ 38, and subsequently applied in In re Minnesota Mining & Mfg. Co., 51 CCPA 1546, 335 F.2d 836,

---

stroyed by this process while spores and lactic acid bacteria survive. The method was devised by Pasteur to check fermentation in wine, milk, etc. The standard

for pasteurization of milk is 145° F. for a period of 30 minutes followed by a rapid cooling to below 50° F. and storage at that temperature.

142 USPQ 366. In *Bourns* the court stated that a mark:

> * * * cannot properly be registered as a trademark, *even on the Supplemental Register,* unless it is intended primarily to indicate origin of the goods and is of such a nature that the ordinary purchaser would be likely to consider that it indicated such origin. [Emphasis supplied.]

We do not consider that the above-noted conditions are met in the instant appeals. We think it apparent that the word "pasteurized" is highly descriptive of appellant's goods. So accepted, the logical inference follows that it was not primarily intended "to indicate origin of the goods." We find nothing of record to allay the impact of that inference. Nor do we believe that mere addition of the unquestionably descriptive words "face cream" and the common commendatory term "special" to the primary word "pasteurized" results in a mark which can be then considered as capable of distinguishing appellant's face cream from that of others. The specimens of record disclose that "PASTEURIZED" appears in association with the internationally well-known name "Helena Rubinstein." Such concurrent usage would, in our judgment, be emanative of the conclusion that the ordinary purchaser would not consider the mark indicative of the origin of the goods. Thus, the conditions prescribed in *Bourns* are not met. This view was aptly stated by the District Court in the *Rubinstein* case, previously adverted to, in the following language:

> The use of "PASTEURIZED" as has been made by plaintiff herein is not of a nature calculated to cause purchasers to recognize this term as an indication of origin for plaintiff's face cream rather than as a term used merely to describe a face cream produced by plaintiff which *could* [*be*] *or has been* pasteurized. [Emphasis added.]

*In re Minnesota Mining and Mfg. Co.,* supra, as here, involved registration under section 23 of the Lanham Act (15 U.S.C. § 1091). Therein this court pointed out that the mark for which registration is sought need not be a trademark but that it must be a mark "capable of distinguishing applicant's goods" from the goods of others. In brief, it *might* be a mark registrable on the Principal Register upon adequate showing of secondary meaning. In addition thereto, the court observed:

> Applicable in addition to the statutory considerations are those *policy considerations,* which could prevent registration on the Principal Register, considered in our opinion in In re Deister Concentrator Co., 48 CCPA 952, 289 F.2d 496, 129 USPQ 314, *which apply equally to registration on both registers.* [Emphasis added.]

This court in the *Deister* case delineated a series of truisms applicable to trademark cases, observing that not everything that enables one to determine source, distinguishes goods, or acquires a secondary meaning will be protected as a trademark, and that:

> * * * the clear weight of authority shows that the courts will not support exclusive rights in any word or shape which, in their opinion, the public has the right to use in the absence of patent or copyright protection.

While it is true that appellant and no other has had and enjoyed long use of the wordings in issue, we agree with the observation of the examiner that:

> Applicant's long use of the wording, and the fact that others have not used it up to this time, does not make it any less an apt description for the goods, which others in the trade are entitled to use.

In summary, we find persuasive the argument of the solicitor that:

> Whether appellant's goods are pasteurized as evidence shows, or simply could be pasteurized, or would normally be expected by the average purchaser to be pasteurized because so designated in the marks sought to be registered,

the appellant cannot legally appropriate this common descriptive term for its own use * * * to the exclusion of all others who may desire to pasteurize the face creams they sell * *.

It seems to us that the marks speak irrefutably for themselves that appellant's face creams are pasteurized or substantially so, and are clearly so descriptive of the goods as to be incapable of distinguishing them from the goods of others.

On the basis of these records and the arguments of counsel, we are not persuaded of reversible error in the decision of the board, which decision is accordingly affirmed.

Affirmed.

RICH, Judge (dissenting in part, with whom McGUIRE, Judge, joins).

I concur in the result as to appeal No. 8144 affirming the rejection of the application to register "PASTEURIZED."[1] I dissent from the opinion insofar as it affirms refusal of the application to register the mark

### "PASTEURIZED" FACE CREAM SPECIAL

involved in appeal No. 8145. I think the two marks involve quite different considerations. In the former case we are dealing with a single descriptive word as well as a prior decision in the District of Columbia courts with respect to the descriptiveness of that word. In the latter, we have a "mark" consisting of a four-word phrase as. to which there has been no prior adjudication and as to which the question of *capability* of distinguishing applicant's goods (face cream) from the goods of others rests on a different factual foundation.

My views on the applicable law are essentially set forth in the quotation in Judge Almond's opinion from my opinion in the *Simmons* case. I am unable to see any reason why "PASTEURIZED" FACE CREAM SPECIAL, considered as

a whole as it must be, is not a mark with a very definite capability of distinguishing applicant's goods within the meaning of section 23. Judge Almond's opinion has not given any *reason* why it is not. Certain it is that its registrability is not determined by the individual, separate descriptiveness of three of the four words. Conceding "face cream" is as descriptive as "pasteurized," what about the word SPECIAL? What about the overall combination of words including the quotation marks around PASTEURIZED?

The board gave no separate consideration to the "long-form" mark. The solicitor's brief erroneously states that "a determination of whether 'Pasteurized', for use with face cream, is registerable on the Supplemental Register is despositive [sic] of the two appeals at bar." The examiner made a serious attempt to deal with this mark on its own footing. His ground of rejection was that the whole mark "is believed to constitute the apt descriptive name of applicant's goods, and is consequently incapable of distinguishing its goods in commerce." His supporting analysis was:

> The wording on the drawing merely indicates that the goods are applicant's *specialty* in face creams in its line of goods, and that the same is pasteurized.

This argument I consider too forced to stand up. It appeared in what seems to be the first office action. In the final rejection the examiner modified it by contending that "'Face Cream Special,' [is] the common name for applicant's face cream." I don't think that contention will hold water. What kind of a product is "Face Cream Special"? In what sense is "special" descriptive? In his Answer, the examiner stated his conclusion that the whole mark is nothing but "an apt description for the goods, which others in the trade are entitled to use." I can imagine no circumstance, and none has been pointed out, by virtue

---

1. Any quotation marks appearing in the mention of the marks sought to be registered are part of the marks themselves as described in the applications.

of which a competitor of Helena Rubinstein, Inc., would have the right to market a product labelled

"PASTEURIZED" FACE CREAM SPECIAL. I therefore think the examiner's rejection is without foundation and that its affirmance below and here is error. On Appeal No. 8145 I would reverse.