48 CCPA

**Application of TODD CO., Inc. (Burroughs Corporation, Assignee, Substituted).**

**Patent Appeal No. 6669.**

United States Court of Customs and Patent Appeals.

June 2, 1961.

---

Fidler, Beardsley & Bradley, Chicago, Ill. (Charles W. Bradley, Jr., Raymond E. Fidler and Roy E. Petherbridge, Chicago, Ill., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for Commissioner of Patents.

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.*

RICH, Judge.

This appeal is from a two-to-one decision of the Trademark Trial and Appeal Board rejecting appellant's application, Ser. No. 14,417, filed August 22, 1956, to register a mark on the Supplemental Register.

The mark sought to be registered is illustrated, by a copy of the application drawing, in the published opinions of the board at 123 USPQ 562 and will not be repeated here. Use since October 22, 1914 is asserted and the record shows continuous use since then.

The goods enumerated in the application are "Safety Paper Products, including checks, bank money orders, identification cards, birth certificates, passports, export licenses, merchandise coupons, stock certificates, operators' licenses, and gift certificates."

In addition to the drawing, there is a verbal description of the mark which reads, "The trademark consists of a repeating pattern of green parallel lines having overlapping offset portions, substantially as illustrated in the accompanying drawing. The drawing is lined for the color green." It should be added, as can be seen in the drawing, that the so-called parallel lines consist of units in the form of shallow elongated step shapes about $2\frac{1}{4}''$ long wherein a central jog, which slopes upwardly and slightly to the right, is about $\frac{1}{4}''$ long. These units are arranged in an interlocking parallel pattern which is employed in use to cover the entire back surface of the safety paper product, a fact which has given rise to the controversy in this case.

The application was originally for registration on the Principal Register, an amendment asserted reliance on section 2(f), 15 U.S.C.A. § 1052(f), and finally

Judge O'CONNELL, pursuant to provisions of Section 294(d), Title 28 United States Code.

the application was converted to ask for registration on the Supplemental Register. Notwithstanding the statement on the conversion amendment, as it appears in the record here, that it was "not entered," the board treated the application as one for registration on the Supplemental Register and we shall so treat it.[1] The sole issue is whether the mark sought to be registered is "capable of distinguishing the applicant's goods" under Section 23 of the Lanham Act, 15 U.S.C.A. § 1091.

The majority of the board affirmed the examiner's rejection which, it stated, was

"on the ground that what is presented for registration is not capable of distinguishing applicant's goods since (a) it is functional, and (b) it is a surface decoration or ornamentation rather than an identifying symbol or device distinguishing applicant's goods in a trademark sense."

▆▆▆ On point (a), functionality, the board appears to have disagreed with the examiner but failed to take decisive action on the point. The board said:

"It is not entirely clear from the record that the design presented for registration performs any real utilitarian purpose or function or that it was adopted for that purpose, so this ground of refusal requires no comment."

The solicitor's brief suggests that this point has, by the foregoing, been "removed from consideration by this Court." This may indicate a disposition not to rely on it but we think this ground of rejection should be disposed of with finality. We agree that the design—or more accurately the "mark," which is in the nature of a design—does not perform any utilitarian purpose. We do not feel we are precluded from passing on it. We think that this ground does call for comment and our comment is that it is without substance and is reversed.

Turning to ground (b), the board quoted first from the opinion of this court in the 1940 case of In re Burgess Battery Company, 112 F.2d 820, 27 CCPA 1297, and then from In re Swift & Company, 223 F.2d 950, 42 CCPA 1048, including the statement that the line distinguishing between mere ornamentation and ornamentation which is merely an incidental quality *of a trademark* is not always clearly ascertainable, and that the application of legal principles to fit one situation or the other requires proper reflection upon the impression likely to govern the ordinary purchaser in the market place.

Neither of those cases, so far as the decisions therein are concerned, is directly in point as the Burgess case was prior to the Lanham Act and concerned with an application to register under the 1905 act and the Swift case involved an application to register on the Principal Register of the 1946 act. In the present case we have to reflect only on the question whether the pattern sought to be registered constitutes a mark *capable* of distinguishing applicant's goods, not whether it does in fact or even whether it is a "trademark." If it is a mark which can indicate source or origin, then ground (b) of the rejection must be reversed. In re Simmons Co., 278 F.2d 517, 47 CCPA 963.

The board, in its reflections, cited an early 1917 decision in Ex parte Todd & Co., 122 Ms.D. 482, wherein it was the view of Commissioner Clay that what was apparently the same design or mark involved here was ornamental, was a safety device, was not distinctive, and hence was not registrable under the 1905 Act. He said, "the eye or attention cannot get a hold on it, nor the memory retain it." This the board adopted as its own view, giving it as the reason why the mark is "not capable of distinguishing." We cannot agree.

It may well be that the casual observer, unsophisticated in the non-functional de-

---

1. It does not appear that reference to Section 2(f), which is not appropriate to a Supplemental Register application, has ever been deleted. This technical detail remains to be attended to in the Patent Office upon termination of this appeal.

tails of safety paper products by which they can be recognized, instantly, as the product of one manufacturer or another, would not regard the mark sought to be registered as an indication of origin. But once he has been told, we do not have the slightest doubt that from that moment on he will recognize the paper bearing appellant's green staggered parallel unit design as a Todd product. This is true with respect to most words, signs and marks by which intelligence may be communicated, of language itself and all forms of symbolism. Until there is a body of people who understand the meaning of any "mark" the mark is meaningless. One of the most ancient forms of the trademark, the silversmith's hallmark, is meaningless except to those who have been made aware of the fact that it indicates origin. So with the mark at bar. Those who have learned that it indicates origin are able to recognize origin by means of it. The record shows that some people do so. It is therefore *capable* of distinguishing applicant's goods, of indicating their origin. We are, therefore, unable to sustain the only ground of rejection on which the board relied.

In the instant case, moreover, we express complete agreement with the views of the dissenting member of the board, who pointed out, inter alia, that the record here shows that it has long been the practice in this industry to utilize distinctive over-all surface designs to indicate origin of safety-paper products and to advertise that they are intended to do so. The fact that they incidentally serve to ornament a paper surface does not necessarily destroy their ability to indicate origin.

The decision of the board is reversed.

Reversed.