28 C.C.P.A.(Patents)

## In re RAILLEY CORPORATION.

### Patent Appeal No. 4524.

Court of Customs and Patent Appeals.

May 5, 1941.

William E. Chilton, and Hull, West & Chilton, all of Cleveland, Ohio (Geo. E. Tew, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

596

BLAND, Associate Judge.

The mark sought to be registered in this proceeding is "Pin-It-Up" used on electric lamps.

On November 14, 1933, Linfitt-Hunter-Ward, Inc., of Cleveland, Ohio, filed application in the United States Patent Office to register said mark for electric lighting fixture units consisting of complete wall lamps for house lighting. It appears from the record that registration under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., was refused on the ground that the mark was descriptive, whereupon the mark was registered under the act of March 19, 1920, 15 U.S.C.A. § 121 et seq., registration No. 313,519. In the application it was stated that the trademark had been used in the applicant's business since on or about February, 1933, and that "The mark has been in bona-fide use for not less than one year in interstate commerce by the applicant."

On July 23, 1934, Linfitt-Hunter-Ward, Inc., executed an assignment of this trademark registration certificate to the Railley Corporation, appellant herein.

On June 10, 1936, appellant filed its application to register said mark under the Trade-Mark Act of February 20, 1905, and in its application stated that it had continuously used and applied the mark to its goods since about April, 1933. There was also recited the fact that appellant was the owner of the aforesaid certificate of registration No. 313,519.

The Examiner of Trade-marks refused to register said mark under the 1905 act on two grounds: First, that the mark was descriptive of the goods to which it was applied; and second, "on the further ground that such prior registration under the 1920 Act (No. 313,519) estops applicant from now obtaining registration under the 1905 Act."

Appellant then appealed to the Commissioner of Patents who, on August 4, 1939, affirmed the decision of the Examiner of Trade-marks, on the ground that appellant was estopped to register the mark under the 1905 act by reason of its ownership of the said 1920 registration. He also held that appellant's assignor, by registering under the act of 1920, had admitted the descriptive character of its mark, and that the question of descriptiveness was no longer open to argument.

Appellant then petitioned for reconsideration, stating:

"Applicant now has two courses of action to pursue, namely: either to appeal to the United States Court of Customs and Patent Appeals or to cancel or disclaim the registration under the 1920 Act and go back to the examiner of trade-marks.

"If applicant should elect to cancel or disclaim the registration under the 1920 Act, the case would be returned to the examiner of trade-marks, who would no doubt adhere to his original decision that the mark is descriptive and not registrable under the 1905 Act; in which event a second appeal to the Commissioner would be necessary. * * * On the other hand, should the Assistant Commissioner disagree with the examiner of trade-marks in holding the mark to be descriptive, then in that event applicant could cancel or disclaim the registration under the 1920 Act, and the trademark could be registered, as such a decision of the Assistant Commissioner would be binding upon the examiner of trade-marks. It seems unfair and illogical to require applicant to cancel or disclaim its 1920 registration on a chance that it might obtain a registration under the 1905 Act."

The commissioner, upon reconsideration, wrote a supplementary decision on August 21, 1939, in which he disapproved of the examiner's rejection on the ground that the mark was descriptive but affirmed his refusal to register on the ground of estoppel "for the reasons stated in my former decision." The commissioner said:

"Counsel for applicant thus seems to assume that the cancellation of applicant's 1920 registration would insure allowance of the present application were the mark held to be nondescriptive. That is a point upon which I expressly reserve judgment, leaving its solution in the first instance to the examiner of trade-marks.

"It is my opinion, however, that applicant's mark, while highly suggestive, is not objectionably descriptive of the goods to which it is applied; and the examiner's refusal to register on that ground is disapproved. His refusal to register on the ground of estoppel stands affirmed for the reasons stated in my former decision."

To the extent indicated the petition is granted.

No appeal was taken from the decision of the commissioner of August 4, 1939, or

that of August 21, 1939, but before the Examiner of Trade-marks the appellant sought to disclaim "its entire right, title and interest in and to Registration Certificate No. 313,519, registered in the name of Linfitt-Hunter-Ward, Inc., under the Act of March 19, 1920, without however disclaiming its ownership of the trade-mark Pin-It-Up or its right to register such trade-mark under the Trade-Mark Act of February 20, 1905, as amended." In addition, it filed a petition to cancel said registration certificate No. 313,519. There were also submitted affidavits to the effect that the trade-mark was no longer the property or used by Linfitt-Hunter-Ward, Inc., and also that the mark was not used for one year, which is required by the statute in order for the mark to be registrable under the Act of 1920. Additional affidavits were later filed showing that said certificate No. 313,519 "was not assigned to the Railley Corporation until July 23, 1934, whereas the Railley Corporation's use of the trade-mark began in April 1933."

The Examiner of Trade-marks refused to enter the disclaimer and again stated that the applicant was estopped from registering its mark under the act of 1905 by reason of the registration of the trade-mark by its predecessor under the 1920 act and that "This question is res adjudicata in view of the decision of the Assistant Commissioner of Patents rendered herein on August 21, 1939." In his final action on the case he adhered to his rejection for the reason last above stated and said that the decision of the Commissioner of Patents on reconsideration, August 21, 1939, was "no holding that the mark might be registered if the prior registration were canceled."

Appellant thereupon filed a paper entitled "Petition to the Commissioner, July 31, 1940," in which it was argued that "This applicant is claiming no benefit or advantage by reason of such registration [313,-519] and in fact disclaims the registration and should, therefore, not be held to be estopped to deny the descriptiveness of the trade mark, especially since the Assistant Commissioner has held that the trade mark is not objectionably descriptive."

The Commissioner, in a decision dated September 5, 1940, stated that: "The examiner has held in effect that such disclaimer and cancelation would not remove the bar of estoppel upon which the instant application stands rejected, and by this petition applicant seeks a review and reversal of that ruling."

The commissioner quoted from both his prior decisions and concluded as follows: "The action of the examiner is affirmed. The petition is denied."

On October 17, 1940, appellant filed its notice of appeal to this court.

The Solicitor for the Patent Office raises the question as to whether or not this court has jurisdiction to entertain the instant appeal and argues that the last decision of the commissioner is not the kind of decision from which an appeal may be taken. He points out that on appeal from a decision of the Examiner of Trade-marks there should have been filed a notice of appeal to the commissioner, and argues in effect that following such notice of appeal a statement by the examiner is ordinarily made to the commissioner. In the instant case no such statement was made except when applicant originally appealed from the examiner's decision on December 1, 1938. The solicitor makes a distinction between petitions and appeals and argues, in substance, that since there is nothing in the petition or in the decision of the commissioner thereon to indicate that it should be treated as an appeal, and since there was no statement called for, as far as the record shows, the petition to the commissioner should not be regarded as an appeal to him.

Upon this premise it is argued that the petition filed with the commissioner called upon him to exercise his discretionary power only and that, like many other rulings of the commissioner upon petition, no appeal to this court has been provided for. The solicitor, for the foregoing reasons, challenges the jurisdiction of this court to review the decision of the commissioner in passing upon said petition.

We quote the following from the petition:

"Applicant hereby petitions the Commissioner for a review of the final refusal of the Examiner of Trade Marks to pass this application for publication.

\* \* \* \* \* \*

"(Reasons are here given why the commissioner should take such action as is prayed for.)"

The petition concludes: "It is respectfully requested that this Petition be transmitted to the Commissioner for consideration."

The decision of the commissioner from which this alleged appeal is taken is headed: Commissioner's Decision, September 5, 1940.

In it, the commissioner briefly reviews the history of the case and approves the action of the examiner in holding that the disclaimer and cancellation of the 1920 trade-mark would not remove the bar of estoppel. The decision concludes with the following language: "The action of the examiner is affirmed. The petition is denied."

It will be noticed that the commissioner's decision of August 4 affirmed that of the examiner holding that the appellant was estopped from registering its mark under the act of 1905, and that the question of the descriptiveness of the mark was no longer open for argument on account of the admission made by the registration under the act of 1920. The commissioner, in considering the petition for reconsideration, which in part was granted, adhered to his views regarding estoppel but expressly found that the mark, while highly suggestive, was not objectionably descriptive.

Unquestionably, the appellant could have appealed from the commissioner's decision of August 4 or that of August 21. The present appeal was taken on October 17, 1940, which is, obviously, too late to bring in question either of the commissioner's decisions of August 4 or August 21. Appellant apparently abandoned his right of appeal after the commissioner's decision of August 21, and sought by a petition, which is not in the nature of an appeal, to have the commissioner exercise his discretionary authority in directing the examiner to do a certain thing.

■ The said petition to the commissioner cannot be regarded as a valid appeal from the decision of the examiner such as is provided for by section 8 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 88, and rule 61 of the "Rules Governing the Registration of Trade-marks" of the United States Patent Office, 15 U.S.C.A. following section 105. Any action taken thereon by the commissioner is not such a decision as is provided for in section 9 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 89, from which decision appeal may be taken to this court.

■ Under the law relating to, and the rules of, the Patent Office, there are many decisions rendered by the commissioner in patent and trade-mark matters from which

no appeal may be taken to this court, and the alleged appeal at bar, we think, falls within that category. Said section 9 of the Trade-mark Act of 1905 provides that matters relating to appeals to this court in trade-mark cases shall be governed by the same rules of practice and procedure in every stage of the practice, so far as they may be applicable, as apply in patent matters. There are many decisions relating to patent matters dealing with the subject of what kind of decisions of the commissioner are appealable, but we have found very little in any of the authorities relating to the same subject in trade-mark matters. It is settled, however, that a decision by the commissioner refusing to renew the registration of a trade-mark (In re Standard Oil Company, 39 App.D.C. 491), or his decision relating to a registration under the Trade-Mark Act of March 19, 1920 (United States Compression Inner Tube Co. v. Climax Rubber Co., 53 App.D.C. 370, 290 F. 345), are not appealable decisions. This court in Re Mavrogenis, 57 F.2d 361, 364, 19 C.C.P.A., Patents, 1063, in holding that an appeal did not lie to this court in a decision relative to reviving an abandoned application, said: "We think the right to revive an abandoned application under section 4894, supra [4894 Rev.Stat., 35 U.S.C.A. § 37], is a matter that is left to the discretion of the Commissioner of Patents, and that his action, even though arbitrary and capricious, is not reviewable by this court. Not only does the quoted language used and the context of all the patent laws suggest that this was the legislative intent, but the failure of the Congress to expressly provide for appeals from the decision of the Commissioner of Patents to this court indicates that this question and others of equal importance were left to the sound discretion of the commissioner."

In Re Slate, 108 F.2d 268, 27 C.C.P.A., Patents, 810, the appellant filed with the Commissioner of Patents a supplemental notice of appeal questioning the action of the Patent Office in refusing to consider certain new claims. This court held that the decision of the commissioner relating to the admission of additional claims was not one which we, by the statute, were authorized to review.

There is nothing in the decision of the commissioner of September 5 from which the instant alleged appeal is taken, that indicates that the commissioner regarded the petition acted upon as an appeal authorized

by the statute and the rules of the Patent Office, and we think the action taken by the commissioner was such as he ordinarily exercises under his discretionary power from which no appeal lies to this court.

The alleged appeal of appellant is dismissed.

Dismissed.