James Alfred MARTIN, Appellant,

v.

CROWN ZELLERBACH CORPORATION, Appellee.

Patent Appeal No. 8225.

United States Court of Customs and Patent Appeals.

March 26, 1970.
Rehearing Denied May 21, 1970.

James Alfred Martin, pro se.

William K. Quarles, Jr., San Francisco, Cal., for appellee; Harold I. Johnson, San Francisco, Cal., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN, and LANE, Judges, and RAO, Chief Judge, United States Customs Court, sitting by designation.

RICH, Acting Chief Judge.

This appeal is from the decision of the Patent Office Trademark Trial and Appeal Board, sustaining the opposition of Crown Zellerbach Corporation to the registration by James Alfred Martin, doing business as Silko New Improved Products Company, of the composite mark "Silko 'Soft-as-silk' and red design," for toilet tissue. The mark is illustrated in the board's opinion, fully reported at 153 U.S.P.Q. 141, knowledge of which is assumed. Appellee's registrations include No. 254, 779, April 2, 1929, of "SILK" for toilet paper; No. 385,-382, February 25, 1941, of "Silk" for pa-

per towels and facial tissue; and No. 580,312, September 22, 1953, of "Silk" for paper napkins, facial tissue, waxed paper, shelf paper and toilet tissue.

In addition to repeating arguments which he advanced below and contending that the board erred in not finding these arguments to be persuasive, appellant here contends that the board erred in the following respects: (1) in stating that "it must be assumed * * * that applicant's toilet tissue is basically the same as opposer's toilet tissue"; (2) in considering the sound of the parties' marks; and (3) in treating "SILKO" as the dominant feature of appellant's mark and therefore giving it greater force and effect than the remainder of the mark.[1] Agreeing, as we do, with the board's reasoning and conclusions of fact and law, we will discuss only the specific contentions just mentioned.

With respect to the first of these contentions, appellant urges that since he applies his mark only to "2-ply facial quality toilet tissue" and since, according to him, appellee applies its "SILK" mark only to a "single ply toilet tissue," the board erred in assuming that the parties' goods are basically the same. Elaborating on this argument, appellant's brief states:

> We do not call the product toilet tissue but rather "beauty shop tissue" or just "tissue." * * * Our products are for dressing tables, hairdressers, and beauty shops. For that reason there is an inherent restriction in the goods.

It is clear from the board's opinion that the assumption of sameness was properly based on the observation that appellant's application and appellee's registrations both recite *"toilet tissue,"* as the goods to which their respective marks are applied, with "no limitation in either * * * as to quality, manner of handling the product, the channels of dis-

1. We are aware that appellant alleges error in the board's refusal to let appellant, during the appeal period, amend the description of the goods. This, however, is not an appealable matter.

tribution, or the size or number of plies thereof * * *." Moreover, the implication that because of the nature and quality of appellant's product it is intended to be used only "for dressing tables, hairdressers, and beauty shops," is contradicted by at' least two other statements in appellant's brief, viz.:

> When the product is sold for facial tissue or to beauty shops and the like, it is labeled, but *when sold as toilet paper,* it is generally unlabeled. [Emphasis added.]

and

> The channels of distribution are * * * *industrial concerns,* 5 & 10¢ stores, and owner-operated stores for Appellant's goods * * *. [Emphasis added.]

As the board said, "Toilet tissue is for all purposes toilet tissue * * *." Additionally, the record establishes that appellee has applied its "SILK" mark to 2-ply facial tissue, albeit in box rather than roll form.

■ Appellant's second contention, that the board should not have considered the sound of the parties' marks, is predicated on the somewhat vague assertion that

> The very nature of toilet tissue precludes it from being anything but a self-service item in most of the stores today, toilet paper being bulky, low in price and a low profit staple item.

Appellant then cites two cases [2] in which the board and the Commissioner of Patents seem to have suggested that when the goods in question are "shelf items," similarity of the sound of the marks is not particularly significant. Appellant's toilet tissue is no doubt a "shelf item,"

but the present record clearly indicates that it is not a product which purchasers never ask for by name. For example, a sundries store owner and operator called as a witness *by appellant* testified:

> Q75. When a customer orders that [appellant's tissue], how does he order it?
>
> A. Well, we have built up quite a business on the tissue. They know it as a double ply tissue and come in and *ask for that Silko Tissue.* If I don't have the bag, I tell them it is not wrapped, but it is the same tissue and they look at it and say, yeah, that's what I got last time.
>
> Q76. *But they ask for Silko Tissue?*
>
> A. *Yes, they do.* [Emphasis added.]

■ Finally, as to whether the board properly treated "SILKO" as the dominant feature of appellant's mark, appellant points out, and we agree, that marks must be considered in their entireties. This is not to say, however, that, in considering whether a mark (as an entirety) will be likely to cause confusion, one cannot consider one feature of the mark as being more significant to that issue than are the other features. Here it is clear that "SILKO" is the dominant feature of appellant's mark and likely the only feature which purchasers would rely upon to identify, call for, or refer to the goods. Accordingly, we think the board properly gave greater force and effect to "SILKO" than to the other features of the mark.

The decision of the board is affirmed.

Affirmed.

BALDWIN, J., concurs in the result.

2. Crown Zellerbach Corp. v. Gulf States Paper Corp., 150 U.S.P.Q. 700 (TTAB 1966), and Southern Shell Fish Co. v. S. Felicione & Sons Fish Co., 108 U.S. P.Q. 289 (Com'r 1956).