58 CCPA

**PALISADES PAGEANTS, INC.,**
Appellant,

v.

**MISS AMERICA PAGEANT, Appellee.**
**Patent Appeal No. 8497.**

United States Court of Customs
and Patent Appeals.
May 27, 1971.

Baldwin, J., concurred in the result.

Stanford W. Berman, Washington, D. C., attorney of record, for appellant.

Andrew R. Klein, Philadelphia, Pa., attorney of record, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and JONES, Judge, United States Court of Claims, sitting by designation.

RICH, Judge.

This appeal[1] is from the decision of the Patent Office Trademark Trial and Appeal Board, 158 USPQ 664, sustaining appellee's opposition to appellant's application to register the service mark LITTLE MISS AMERICA on the Principal Register, serial No. 216,728, filed April 16, 1965, asserting first use of the mark on August 30, 1963. We affirm.

## THE PARTIES

Appellant is a for-profit corporation which conducts beauty contests for young girls, ages five to ten years, at Palisades Amusement Park, New Jersey. It seeks to register the mark "for promoting the sale of the goods and services of others through the medium of contests." Chief among those whose goods and services appellant, Palisades Pageants, Inc., has promoted has been Rosecliff Realty Company, the owner of Palisades Amusement Park, but it has also used the mark in connection with the promotion of the goods and services of various "participants" in the annual contests, including a manufacturer of modish clothing for little girls.

Appellee is a not-for-profit corporation which conducts beauty contests for young women, ages eighteen to twenty-

---

1. The Petition of Appeal states that appellant "has complied with the provisions of 35 U.S.C. §§ 142 and 143," which pertain to appeals in patent rather than trademark cases. However, we have construed the appeal as if filed pursuant to 15 U.S.C. § 1071(a), the provision governing appeals to this court in trademark cases.

eight years, in Atlantic City, New Jersey. It relies on its common-law rights stemming from use of the mark MISS AMERICA since 1921 and on its Principal Register registration, No. 631,496, issued July 24, 1956, of the same mark for services stated in its registration to be the

> Promotion of education through the granting of scholarships, the recipients being selected in local, state, and national contests, based on such factors as beauty, personality and talent, * * *.

Money for the scholarships comes from, inter alia, the "sponsors" of the pageant, which are for-profit corporations the goods and services of which are promoted in connection with the pageant.

## THE ISSUES

There are three issues. After both sides had taken testimony, appellant moved to amend the statement of services in its application to further distinguish the beauty contests which it runs from the beauty contests run by opposer by adding the words "for female children between the ages of five and ten" to the description of its beauty contests. The board denied its motion on the ground that the "proposed amendment is [not] determinative of the issues herein," appellant has appealed the denial here, and the first question is whether we have jurisdiction to determine such an appeal. The second question is likelihood of confusion, and the third question is whether appellee is estopped to oppose appellant's application by reason of its previous failure to take action to prevent appellant's use of the mark.

2. We note that 28 U.S.C. § 1542 was last amended in 1949, while 15 U.S.C. § 1071 was amended in 1958 to authorize appeals to the Court of Customs and Patent Appeals by persons dissatisfied with the decision of the Trademark Trial and Appeal Board and to substitute "Trademark Trial and Appeal Board" for

### A. *Jurisdiction*

The jurisdiction of this court in trademark matters is set forth in 28 U.S.C. § 1542(2). This section expressly grants us jurisdiction in "appeals from decisions of: * * * the Commissioner of Patents as to trade-mark applications and proceedings as provided in section 1071 of title 15." Paragraph (a) (1) of the latter section states, inter alia, that:

> An applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancellation proceeding, a registrant who has filed an affidavit as provided in section 8, or an applicant for renewal, who is dissatisfied with the decision of the Commissioner *or Trademark Trial and Appeal Board,* may appeal to the United States Court of Customs and Patent Appeals * * *. [Emphasis ours.]

Despite the language of 28 U.S.C. § 1542, appellee is not questioning our jurisdiction to review at least certain decisions of the Trademark Trial and Appeal Board.[2]

However, not *all* "decisions" of the Trademark Trial and Appeal Board, in the broad, general sense of the word "decision," are appealable to this court any more than are all "decisions" of the Commissioner, the Patent Office Board of Appeals, or the Board of Patent Interferences. The same appealable versus petitionable dichotomy which obtains in patent matters obtains in trademark matters, In re Railley Corp., 119 F.2d 595, 598–599, 28 CCPA 1122, 1127–1128 (1941), although the question of which side of the line a given matter falls on

"Commissioner" in a portion of paragraph (a) (1) not quoted. Pub.L. 85–609, 72 Stat. 540 (1958). It seems likely that, were the question to be directly presented, we would have to read the more recent enactment as broadening the scope of the older.

seems to come up less often in the trademark context than in the patent context. Here, the decision of the board dismissing the opposition is clearly appealable, but, as in In re Hengehold, 440 F.2d 1395, 58 CCPA (1971), we must decide whether a secondary decision made in the same case by a tribunal of the Patent Office (there a patent examiner, here the Trademark Trial and Appeal Board) is so "logically related" to the appealable decision that it, too, may be reviewed on appeal. Cf. In re James, 432 F.2d 473, 476, 57 CCPA 1371, 1375 (1970) (concurring opinion of Judge Lane).

■ The jurisdiction-giving issues in this case are whether the service mark LITTLE MISS AMERICA so resembles the service mark MISS AMERICA as to be likely, when applied to the services stated in appellant's application, to cause confusion, or to cause mistake, or to deceive, 15 U.S.C. §§ 1053, 1052(d), and whether, even if the former does so resemble the latter, the appellee is estopped from preventing appellant's registration by reason of laches. 15 U.S.C. 1069. The services described in the application, registration of which has been refused, are "promoting the sale of the goods and services of others through the medium of beauty contests." We do not see how the board's decision to refuse to permit the applicant to amend that description is logically related to either of the above issues. Appellant has argued that "logic and equity would dictate that this Motion should have been granted" because, as things stand, it has

> * * * had no ruling on a significant issue supported by adduced uncontradicted facts, and will be forced to the needless expenditure of time and expense in re-filing its application and contesting another opposition which Opposer's counsel has said would be filed * * *.

Whether or not the board abused its discretion in denying appellant's motion in the face of this argument, however, was a matter to be determined, not by this court, but by the Commissioner of Patents, under well-settled principles of law. Martin v. Crown Zellerbach Corp., 422 F.2d 918, 919 n. 1, 57 CCPA 968, 969 n. 1 (1970).

## B. *Likelihood of Confusion*

■ Notwithstanding the facts that (1) appellant is a for-profit corporation, whereas appellee is a not-for-profit corporation, and that (2) appellant's application states that it uses its mark to promote the goods and services of others, without mentioning the prizes it gives the winners of the beauty contests it runs, whereas appellee's registration states that it uses its mark to promote education through the granting of scholarships (the scholarships being the prizes which it gives the winners of the beauty contests *it* runs), without mentioning the promotion of the goods and services of others which it does to earn the revenue from which it pays the scholarships, the board found that "the services of the parties must be considered as practically identical." We agree, for though the record discloses vast differences in the scale and details of their operations, it seems to us that both would be perceived by the public at large as being in the same general business.

Appellant has made of record numerous third-party registrations for such marks as MISS TEEN–AGE AMERICA, MRS. AMERICA, MISS UNITED STATES OF AMERICA, etc., and it argues here, as it did below, that there are so many, very similar marks in the field of beauty contests that members of the general public would not be likely to assume that any two such contests were run by the same enterprise. While we agree with the appellant that this does, indeed, seem to be a crowded field, we are of the opinion that appellant's mark is closer to appellee's than even the closest of the third-party registrations in that it bodily incorporates appellee's mark, merely adding an adjective to the beginning thereof which, as the board observed, "directs attention to the words which follow." Additionally, we are

willing to take judicial notice that appellee's mark is exceedingly well known. On balance, we agree with the board that appellee's mark is entitled to protection from registration of a mark as close thereto as appellant's, for use in identifying substantially the same services.

## C. *Estoppel by Acquiescence*

Appellant has argued that, even if there is a likelihood that simultaneous use by the parties of their respective marks will engender confusion as to sponsorship of their respective beauty contests, appellee is still estopped to oppose appellant's application by reason of its previous failure to take action to prevent appellant's *use* of the mark. The record supports the assertion contained in appellant's application that their mark has been in use (by appellant and its predecessor in interest) since August 30, 1963, and the first action taken against appellant by appellee was its filing of a notice of opposition, which it did on October 20, 1966. Intermediate these dates, the only evidence of record that appellee was aware of appellant's use of the mark was the testimony of appellant's publicist that he had written appellee, perhaps in 1963 and definitely no later than 1964, asking if it would like to have the winners of the LITTLE MISS AMERICA contest appear at the finals of the MISS AMERICA contest. Appellee's associate executive director testified that she "vaguely recall[ed]" receiving a letter from appellant, but appellant's publicist stated that he had received no response to his letter, and apparently nothing ever came of the contact. However, appellant did submit evidence of extensive advertising in the northeastern United States, including New Jersey (the home state of both parties), and it seems highly unlikely that the publication of appellant's mark in the Official Gazette was the first that appellee had heard of it. On this record, the board held that appellant had

failed to prove that it had "relied on opposer's lack of affirmative action in expanding its business or that opposer led applicant to believe that it did not object to the use of its mark," but that, in any event, "the period of time here involved is considered too short under the circumstances of this case to give rise to an estoppel." (Footnote omitted.)

As we remarked earlier in this opinion, appellee's is an exceedingly well-known mark. Furthermore, the field of beauty contests is a crowded one, and, as shown by the third-party registrations in this case, from time to time many marks quite similar to appellee's have been used at least enough to support the registration thereof. In particular, appellant's publicist testified that Palisades Amusement Park had previously held contests to choose a MRS. AMERICA, a MISS AMERICAN TEENAGER, a GRANDMA AMERICA, a MISS LATIN AMERICA, a MISS ITALIAN–AMERICA, and a MISS POLISH AMERICA, as well as other such contests "for every age group, without discrimination, to every ethnic group that we could possibly come up with." However, his use of the past tense in connection with these contests, as well as appellant's failure to submit evidence of continued use of even the third-party registrations in its own name (MISS AMERICAN STARLET and MISS ITALIAN–AMERICA), supports appellee's contention that "These ventures come and go." Under the circumstances, we agree with the board that appellee's acquiescence in appellant's use of the mark LITTLE MISS AMERICA was for too short a period of time to estop appellee from opposing appellant's application.

### DECISION

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.

BALDWIN, J., concurs in the result.