**TEKTRONIX, INC., Appellant,**

v.

**DAKTRONICS, INC., Appellee.**

**Patent Appeal No. 76–540.**

United States Court of Customs and Patent Appeals.

May 13, 1976.

Adrian La Rue, Harrisburg, Pa., attorney of record, for appellant.

L. Paul Burd, Burd, Braddock & Bartz, Minneapolis, Minn., attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board[1] dismissing appellant's opposition No. 54,424,

1. 187 USPQ 588 (1975).

filed April 30, 1973, against application serial No. 390,929, filed May 3, 1971, for registration of the mark below for "electronic voting systems, including a plurality of voting stations, at least one display unit and recording unit and one or more control units for the same; and electronic scoreboards for athletic events, including a control unit for the same."

The sole issue is likelihood of confusion under § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). We affirm.

*Background*

Opposition is based on appellant's registrations of the mark TEKTRONIX "for ELECTRONIC MEASURING INSTRUMENTS AND AUXILIARY APPARATUS —NAMELY, OSCILLOSCOPES, WAVE GENERATORS, AMPLIFIERS, AND PREAMPLIFIERS FOR USE WITH OSCILLOSCOPES AND TIME MARK GENERATORS FOR USE IN TESTING AND CALIBRATION"; also on its prior use of the mark for electronics display products, graphic computer terminals, broadcast equipment, electronic testing instruments, signal sources, and electronic calculators. Appellant's products have been extensively promoted, and sales thereof in 1973 totaled about $200 million. Customers for appellant's products include schools, colleges, universities, local and state governmental agencies, and most of the nation's industrial and commercial organizations.

Advertisements made of record by appellee indicate that its products are directed to schools, coaches, and those connected with the operation of parks and recreational areas. Appellee also made of record thirty-eight third-party registrations, almost all of which are for electrical products, having the suffix TRONICS or TRONIX.

The board found that the goods of the parties are electronic equipment purchased by the same general classes of purchasers and that use of the same or similar marks would create a likelihood of confusion, citing, *inter alia, Wincharger Corp. v. Rinco, Inc.,* 297 F.2d 261, 49 CCPA 849, 132 USPQ 289 (1962), and *Matsushita Electric Industrial Co. v. National Steel Construction Co.,* 442 F.2d 1383, 58 CCPA 1294, 170 USPQ 98 (1971). However, the differences between the marks were held sufficient to avoid a likelihood of confusion. The board reasoned that the third-party registrations suggest that the registrants and the parties adopted the TRONICS and TRONIX portions of their marks to convey the dictionary meaning thereof, namely, that their products are electronic in character; that the suffix portions alone are insufficient to cause a likelihood of confusion; and that differences in the remaining portions of the marks are sufficient to render the marks as a whole readily distinguishable. It noted that the large "D" portion of appellee's mark is visibly the most prominent feature of the mark and said that "it serves to enhance the recognizable differences between the marks."

OPINION

Appellant argues that the board erred in dissecting the marks and considering third-party registrations, because there is no evidence of actual use of the third-party marks. Even without the third-party registrations, however, it is obvious that the suffixes of the parties' marks are highly suggestive. Because marks, including any suggestive portions thereof, must be considered in their entireties, the mere presence of a common, highly suggestive portion is usually insufficient to support a find-

ing of likelihood of confusion. *Sears, Roebuck & Co. v. Hofman*, 258 F.2d 953, 46 CCPA 708, 119 USPQ 137 (1958); *E. L. Bruce Co. v. American Termicide Co.*, 285 F.2d 462, 48 CCPA 762, 128 USPQ 341 (1960). Moreover, although third-party registrations are entitled to little weight on the question of likelihood of confusion where there is no evidence of actual use, they may be given some weight to show the meaning of a mark in the same way that dictionaries are used. *Conde Nast Publications, Inc. v. Miss Quality, Inc.*, 507 F.2d 1404, 1406–07, 184 USPQ 422, 424–25 (CCPA 1975). Accordingly, the thirty-eight third-party registrations provide at least some evidence that thirty-eight applicants considered the suffixes of the parties' marks to be suggestive of electrical products.

 Appellant argues that, in a composite mark consisting of a design and a word portion, the latter is dominant,[2] citing *W. B. Roddenbery Co. v. Kalich*, 158 F.2d 289, 34 CCPA 745, 72 USPQ 138 (1946). *Roddenbery*, however, holds that where a mark consists of *pictorial* indicia and words, the portion likely to indicate origin would be the words used—particularly when there is frequent resort to radio advertising. Here, the large "D" portion in appellee's mark is pronounceable, not solely pictorial, and there is no evidence of radio advertising by appellee. The "D" portion finds no counterpart in appellant's mark and draws attention to another difference between the marks—the initial letter of the word portions. Furthermore, whether or not it is dominant, which would justify its being given more weight in considering the marks in their entireties (*Martin v. Crown Zellerbach Corp.*, 422 F.2d 918, 57 CCPA 968, 165 USPQ 171, *cert. denied*, 400 U.S. 911, 91 S.Ct. 140, 27 L.Ed.2d 396, 167 USPQ 481 (1970)), it cannot be ignored. *Massey Junior College, Inc. v. Fashion Institute of Technology*, 492 F.2d 1399, 181 USPQ 272

(CCPA 1974). Indeed, where a mark consists of initials and words, the initials may be given some weight even if they are in smaller letters. See *National Association of Blue Shield Plans v. Standard Mattress Co.*, 478 F.2d 1253, 178 USPQ 153 (CCPA 1973). Certainly, the obvious visual prominence of the "D" portion of appellee's mark is a factor to be considered. See the board's opinion in *Martin v. Crown Zellerbach, supra*, 153 USPQ 141, 145 (TTAB 1967).

 The issue of whether a portion of a mark is dominant turns on the facts of each case. However, we find it unnecessary to reach this issue, because we are persuaded that the differences between the marks, considered in their entireties and as applied to the parties' goods,[3] are sufficient to avoid a likelihood of confusion. The decision of the board is *affirmed*.

*AFFIRMED.*

---

2. This argument is somewhat inconsistent with appellant's argument that the board improperly dissected the marks.

3. The goods of both parties appear to be expensive and the type purchased by sophisticated purchasers. *Clayton Mark & Co. v. Westinghouse Elec. Corp.*, 356 F.2d 943, 53 CCPA 951, 148 USPQ 672 (1966).