### Application of the WELLA CORPORATION.

### Appeal No. 77–572.

United States Court of Customs and Patent Appeals.

Nov. 17, 1977.

Burton L. Lilling, Frank P. Presta, Arlington, Va. (Jacobi, Lilling & Siegel, Arlington, Va.), attorneys of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, Fred E. McKelvey, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This appeal is from the decision of the Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (TTAB) affirming the refusal of the examiner to register appellant's mark on the Supplemental Register (15 U.S.C. § 1091). We reverse.

The mark is the stylized lettering of "balsam" for hair conditioner and hair shampoo

shown below. (Appellant has disclaimed the term "balsam" itself.)

■ The sole issue whether the mark is *capable* of indicating origin of appellant's goods to an ordinary purchaser and whether appellant's mark was intended primarily for that purpose. *In re Minnesota Mining & Manufacturing Co.,* 335 F.2d 836, 51 CCPA 1546, 142 USPQ 366 (1964).

■ Citing *In re Rubinstein,* 410 F.2d 438, 56 CCPA 1110, 161 USPQ 606 (1969), the Solicitor argues that "appellant's stylized term . . . serves to descriptively identify the nature of the goods and not their source." However, descriptiveness is irrelevant, since the term has been disclaimed.[1] Moreover, descriptiveness alone does not necessarily preclude registration on the Supplemental Register. 15 U.S.C. § 1091.

Although the only exhibit of the mark shows its use on a bottle in association with appellant's well-known house mark "WELLA," this does not preclude the mark from having a capability of indicating origin of appellant's goods. Such a capability is clear from the evidence of registered marks in which the term "BALSAM" appears in lettering not even approaching the unique style of appellant's mark.[2] With respect to appellant's primary intention that the mark indicate origin of its goods, we are satisfied that such intent is supported by the record, and the PTO has produced nothing to rebut it. See *In re Minnesota Mining & Manufacturing Co., supra.*

In view of the foregoing, we hold that appellant's mark is capable of indicating origin of appellant's goods and that the mark was intended primarily for that purpose.

1. The Solicitor's argument that "balsam" is generic falls for the same reason.

2. Appellant argues that various letters (of record) from competitors indicating their discontinuance of use of its mark upon threat of legal

The decision of the TTAB is *reversed.*

*REVERSED.*

action are evidence of its distinctiveness, but we agree with the TTAB that such evidence shows a desire of competitors to avoid litigation rather than distinctiveness of the mark.