S. Despertt
Paper No. 18

FOR PUBLICATION IN FULL

**U. S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE**

———

Trademark Trial and Appeal Board

———

In re Pollio Dairy Products Corporation

———

Serial No. 596,577

———

William A. Moore, Maurice Hahn and Harold A. Meriam for applicant.

———

Christopher Wells, Trademark Examining Attorney Law Office 2
(R. Ellsworth Williams, Managing Attorney).

———

Before Rice, Rooney and Seeherman, Members.

Opinion by Rooney, Member:


Applicant seeks to register, upon the Principal Register, the term LITE in script form (as shown below) for cheese. Applicant has disclaimed the word LITE apart from the mark as shown.  Use as of August 1985 is alleged.



Ser. No. 596,577

Registration was finally refused under Section 2(d) in view of three registrations for the mark LITE issued to Anderson, Clayton & Co. for fat made from vegetable oils for use in foods;[1] for margarine;[2] and for spread containing vegetable oil[3] and under Sections 1, 2 and 45 on the ground that the material presented for registration does not serve to identify applicant's goods and distinguish them from similar goods of others. In other words, the subject matter of the application does not function as a trademark.

Concerning the refusal under Sections 1, 2 and 45, the mark sought to be registered by applicant is the descriptive word LITE presented in script form. Applicant has submitted a lengthy argument in which it compares the question of registrability in this case to the question as it was determined in a number of other cases. However, we note that the issues in the cited cases were not the same as are presented here. In the case of In re

---

[1] Registration No. 727,294 issued February 6, 1962, Section 8 affidavit accepted, Section 15 affidavit filed, renewed. Although it does not appear on the registration copy, applicant's recitation of the file history of this registration indicates that registration is pursuant to Section 2(f).

[2] Registration No. 853,313 issued July 23, 1968 under Section 2(f), Section 8 affidavit accepted.

[3] Registration No. 1,101,623 issued September 5, 1978 under Section 2(f), Section 8 affidavit accepted.

2

Ser. No. 596,577

Ventura, Inc., 197 USPQ 714 (TTAB 1977), in seeking to register
the mark shown below,

# the pipe

the applicant there was called upon and succeeded in showing that
its display of the common descriptive words in question had become
distinctive of its  goods and the mark was registered under
Section 2(f).  In the Balsam [In re Wella Corporation, 196 USPQ 7
(CCPA 1977)] and Yogurt Bar [In re Carolyn's Candies, Inc., 206
USPQ 356 (TTAB 1980)] cases, registration was sought on the
Supplemental Register with a disclaimer of the word matter, and
the question was whether the displays of these terms were capable
of indicating the origin of the goods in the applicant.

Applicant here is seeking registration on the Principal
Register, not the Supplemental.  Neither is it seeking
registration pursuant to Section 2(f) by virtue of acquired
distinctiveness.  Thus, the issue is not the capability of the
designation sought to be registered to indicate origin.  Nor is it
whether the alleged mark has, as a result of long years of use or
extensive promotion and substantial sales, achieved such

3

Ser. No. 596,577

recognition by the purchasing public that it has come to be associated with the user of that designation, despite the otherwise unregistrable nature thereof.

Rather, this case is very similar to the case of In re Miller Brewing Company, 226 USPQ 666 (TTAB 1985) where the question was, as here, whether a particular configuration of a disclaimed word[4] is a trademark by which the applicant's goods may be distinguished within the meaning of the preamble to Section 2 and the definition of a trademark found in Section 45 of the Trademark Act. As the Board said in that case, referring to In re Behre Industries, Inc., 203 USPQ 1030 (TTAB 1979), "it has been held that a mark consisting of an assertedly distinctive display of disclaimed unregistrable components is registrable on the Principal Register in those cases where the features of the display are of such a nature that they would inherently serve to distinguish the mark in its entirety, or where it has been shown by competent evidence that what is sought to be registered does in fact function as a trademark to identify and distinguish applicant's goods in commerce."

---

[4] By its disclaimer of the word LITE, applicant has conceded that the term is merely descriptive as used in connection with applicant's goods. See Quaker State Oil Refining Corp. v. Quaker Oil Corp., 161 USPQ 547 (TTAB 1969) aff'd 453 F.2d 1296, 172 USPQ 361 (CCPA 1972). The issue as to the descriptiveness of the word LITE is not before us and applicant's arguments relative thereto have not been considered.

4

The determination of whether certain subject matter for registration does or does not serve to indicate origin is a fact question. Applicant here has provided no evidence that the subject matter applied for serves such a function, but has merely argued that its designation fits within the definition of a trademark in Section 45 of the Trademark Act since it is a word combined with a device which was adopted by applicant with the intention that it be a trademark; that it is displayed on the goods in the manner of a trademark; that applicant uses the letters "tm" in connection with it; and that, as a result of the foregoing it is perceived as a trademark.

Not every word, symbol, device or combination thereof used on or in connection with goods or in the sale or advertising of services is registrable as a trademark. See In re Wakefern Food Corp., 222 USPQ 76 (TTAB 1984). Nor is the fact that the term is prominently displayed on the goods sufficient, in and of itself, to raise an otherwise unregistrable designation to the level of a trademark. See In re Dun-Donnelley Publishing Corporation, 205 USPQ 575 (TTAB 1979). Finally, neither applicant's intention that its particular configuration of the word, LITE, be considered its trademark nor the use of the letters "tm" in proximity thereto are persuasive in determining whether or not the designation serves as a trademark for the goods. See In re General Electric Foods Corporation, 177 USPQ 403 (TTAB 1973).

5

Ser. No. 596,577

In the absence of any evidence to convince us otherwise and since we quite agree with the Examining Attorney that there is nothing unusual or even different in the formation of the letters which would cause this presentation of the word, LITE, to stand out from any other such presentation, we are of the opinion that LITE, as used by applicant, would not be likely to be perceived as having any other function in connection with applicant's product than it does with numerous other products where it normally designates that the product contains less than the usual amount of some element (fat, sugar, starch, salt, etc.) and therefore, probably has fewer calories. See excerpts from the Nexis/Lexis data base submitted by the Examining Attorney. In view thereof, it is concluded that the material sought to be registered does not function as a trademark. Cf. In re Cosmetic Factory, Inc., 220 USPQ 1103, 1104 (TTAB 1983).

Turning to the refusal to register under Section 2(d), we note, initially, that Section 7(b) provides that a certificate of registration on the Principal Register shall be prima facie evidence of the validity of the registration, registrant's ownership of the mark and of registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the certificate.

6

Applicant has argued variously, based on specimens filed in certain of the applications from which the cited registrations issued, in renewal applications therefor or in connection with Section 8 requirements, that the following conclusions may be drawn.

In connection with Registration No. 727,294, applicant states that the specimens filed for renewal show that registrant no longer sells fat (shortening); there is currently no trademark use of the mark and therefore purchasers can't be confused; and that the secondary meaning predicated on the original specimens can no longer be presumed. As to Registration No. 853,313, it is asserted that there was no evidence in the application file of use qualifying for secondary meaning and, as later used (per the Section 8 specimens) LITE would be perceived as a color designation for the goods. With regard to Registration No. 1,101,623, applicant concludes that the Section 2(f) claim in the application for registration was even more questionable than it was in the application for Registration No. 853,313.

These arguments, which amount to a gratuitous examination of the applications and post-registration requirements by applicant, constitute collateral attacks on the cited registrations which may not be entertained except in connection

7

with a petition to cancel those registrations. Otherwise, the provisions of Section 7(b) prevail and applicant will not be heard on what amounts to mere speculation.[5]

Turning to the issue, in order to support a finding of likelihood of confusion, it is not necessary that the goods or services involved be similar or competitive in character. It is enough if they are related in some manner such that if they were both to be encountered by the same persons such persons would, because of the marks used thereon, mistakenly assume that they originate from or that they are in some way associated with the same source. See In re Precise Imports Corporation, 193 USPQ 794 (TTAB 1976) and Kraft, Inc. v. Country Club Food Industries, Inc., 230 USPQ 549 (TTAB 1986).

Applicant's goods are identified as cheese. In the absence of any restriction in the identification of goods, it may be presumed that applicant sells all types of the specified goods in all of the customary types of containers to all of the usual customers and through all of the normal outlets for such goods. See Knorr-Nahrmittel Akg. v. Havland International, Inc., 206 USPQ

---

[5] Further in connection with applicant's arguments, we note the comment in applicant's reply brief that the Examining Attorney's brief makes no attempt to refute and doesn't even mention other reasons advanced in applicant's main brief to support its position on likelihood of confusion and that applicant therefore considers these arguments to have been conceded. With regard thereto, there is no requirement that an Examining Attorney meet every argument set forth by an applicant.

827 (TTAB 1980). Thus, in addition to those cheeses shown in its specimens of record, mozzarella and ricotta, applicant's goods may include soft cheeses used as spreads and hard cheeses used in cooking as well as on sandwiches and as snacks. Registrant's margarine and spread containing vegetable oil may both be used in cooking and in making sandwiches. Registrant's fats made from vegetable oils are specified "to be used in cooking", as well. All of these products may be found in the dairy cases or on the shelves of super markets and other food stores. The Examining Attorney has submitted evidence illustrating that at least one well-known company (Kraft) produces various cheeses as well as margarine and other dairy products and that such products are used in conjunction in cooking or in otherwise preparing food dishes. Applicant argues that conglomerates which produce both cheeses and margarine do not sell them under the same name. However, there is nothing to support this argument and it is obvious that there is nothing to stop such companies from using the same mark for both products.

We find, in view of the foregoing, that there is a sufficient relationship between applicant's and registrant's products as to be likely to cause confusion if they were to be sold under the same or a similar mark.

The marks in this case are essentially identical. Applicant argues the differences in visual impression between its script form of the word LITE and registrant's block letter presentation. But, in registering its mark in block letters, registrant remains free to change the display of its mark at any time and may, in fact, use it in script form if it so desires. Registrant's rights reside in the word LITE and not in any particular form of the mark. See Philmont Electronics, Inc. v. Lang, 212 USPQ 534 (TTAB 1981). Therefore, for purposes of comparison, the marks are the same.

While it is true that registrant's mark is not an arbitrary or coined one, it was registered upon proof that it had acquired a secondary meaning in relation to the goods on which it is used. Even if it were to be considered a weak mark, it would still serve as a bar to registration of an almost identical mark on similar or related goods. See Matsushita Electric Co. v. National Steel Co., 170 USPQ 98 (CCPA 1971).

In view of the foregoing, the refusal to register under Sections, 1, 2 and 45 and the refusal pursuant to Section 2(d) are affirmed.

10

Accordingly, registration to applicant is refused.

J. E. Rice

L. E. Rooney

E. J. Seeherman
Members, Trademark
Trial and Appeal Board

SEP 28 1988

11