899 F.2d 1228
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SAFETY-KLEEN CORPORATION, Appellant,
v.
WEST CHEMICAL PRODUCTS, INC., Appellee.
 No. 89-1687.
 United States Court of Appeals, Federal Circuit.
 March 22, 1990.
 
 Before NIES and ARCHER, Circuit Judges, and ROBERT J. KELLEHER,* District Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Safety-Kleen Corp. appeals from the decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board, Cancellation No. 14,751, denying its petition to cancel the registration for the mark CITRIKLEEN, issued to West Chemical Products, Inc., for a solvent degreasing preparation,** on the grounds of likelihood of confusion with appellant's previously used and registered trademark and service mark SAFETY-KLEEN. We affirm.
 
 OPINION
 
 2
 The issue of whether West Chemical's use of CITRIKLEEN for a degreasing compound is likely to be attributed to petitioner is one of law in this court. Bongrain Int'l (American) Corp. v. Delice de France Inc., 811 F.2d 1479, 1485, 1 USPQ2d 1775, 1779 (Fed.Cir.1987). The board concluded that, even as applied to identical goods sold in identical channels of trade, the subject marks do not sufficiently resemble each other as to be likely to cause confusion of purchasers as to the source of the goods.
 
 
 3
 Contrary to appellant's argument, the admission of numerous third-party registrations, as well as a number of registrations of appellee showing "KLEEN" or a phonetic equivalent as part of a mark, was not error. Such evidence is relevant to show that KLEEN has a readily understood meaning as applied to cleansing preparations. The descriptiveness of a recognizable formative common to both marks is a factor, as the board held, in evaluating the likelihood of confusion of the marks in their entireties. Here, other registrations for marks for solvent cleaners, such as STEAM-KLEEN, REDI-KLEEN, HANDI-KLEEN, KRIL-KLEEN and LIFT-KLEEN strongly support the board's finding that because "KLEEN" is suggestive of cleaning products, the mere inclusion of the term "KLEEN" in both marks is insufficient to find the marks confusingly similar. See Tektronix, Inc. v. Daktronics, Inc., 534 F.2d 915, 916-17, 189 USPQ 693, 694-95 (C.C.P.A.1976).
 
 
 4
 We would add that the third-party registrations are also admissible merely to preclude an argument that the prior user, in addition to having priority, also must be deemed to be the only company to have adopted a particular formative for similar goods because of the absence of contrary evidence in the record. See In re E.I. Dupont de Nemours & Co., 476 F.2d 1357, 1361-62, 177 USPQ 563, 567-68 (C.C.P.A.1973) (factor (6)).
 
 
 5
 Apart from its objection to admissibility of third-party registrations, appellant simply disagrees with the board's conclusion that the marks in their entireties are distinguishable. We are, however, unpersuaded of legal error. The prefixes CITRI and SAFETY- are readily distinguishable, as are the respective commercial impressions they convey. When those terms are combined with the descriptive suffix KLEEN, like the board, we conclude that the marks in their entireties are not likely to cause confusion, even though used on identical goods.
 
 
 6
 Finally Safety-Kleen admitted that, in light of past policy practices, this proceeding would not have been instituted if West Chemical had simply changed the suffix from KLEEN to CLEAN. While Safety-Kleen appears to have embarked on a campaign to eliminate other "KLEEN" marks and has had some success in its efforts as against third parties, on the record of this case, it has not shown exclusivity of rights in KLEEN or the development of an exclusive "family" of KLEEN marks. Indeed, West Chemical is a prior user and registrant of marks incorporating KLEEN for related goods, marks which Safety-Kleen admits it can do nothing about. Thus, its "policing" efforts against others are irrelevant.
 
 
 7
 Having considered all of appellants' arguments, we affirm on the basis of the board's opinion.
 
 
 
 *
 Judge Robert J. Kelleher of the United States District Court for the Central District of California, sitting by designation
 
 
 **
 Registration No. 1,313,004 issued on January 8, 1985