935 F.2d 281
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
GUABER, S.P.A., Appellant,
v.
NUTRI-METICS INTERNATIONAL, INC., Appellee.
 No. 91-1098.
 United States Court of Appeals, Federal Circuit.
 May 17, 1991.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Guaber, S.P.A. (Guaber) appeals from the decision of the United States Patent and Trademark Office's Trademark Trial and Appeal Board (board) in Opposition No. 79,047 (Sept. 26, 1990), sustaining the opposition of Nutri-Metics International, Inc. (Nutri-Metics) to registration of the mark NEUTROMED and DESIGN by Guaber. We affirm.
 
 OPINION
 
 2
 The board determined that a likelihood of confusion exists between Guaber's mark NEUTROMED and DESIGN, and the opposer's mark NUTRI-METICS. This is a question of law, which we review de novo. Jewelers Vigilance Comm., Inc. v. Ullenberg Corp., 853 F.2d 888, 893, 7 USPQ2d 1628, 1632 (Fed.Cir.1988); Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1569, 218 USPQ 390, 394 (Fed.Cir.1985). After considering the evidence before the board on the factors set out in In re DuPont de Nemours & Co., 476 F.2d 1357, 1361, 177 USPQ 563, 567 (CCPA 1973), we conclude that the board correctly determined that the marks when used are likely to cause confusion.
 
 
 3
 Guaber seeks to register its mark for use on goods substantially identical to those listed in the NUTRI-METICS registration. At oral argument, Guaber's counsel conceded that purchasers of these goods are not sophisticated. Because there is no restriction on the uses or trade channels in NUTRI-METICS' application and because its products are to some extent sold in salons (although most are sold directly to consumers), the board determined that both parties' goods are likely to be distributed through the same or similar trade channels. See DuPont, 476 F.2d at 1361, 177 USPQ at 567.
 
 
 4
 Assessing the "similarity or dissimilarity of the marks in their entireties as to appearance, sound, connotation and commercial impression," DuPont, 476 F.2d at 1361, 177 USPQ at 567, we see no error in the board's finding that the marks are confusingly similar in their entireties. While the words NEUTROMED and NUTRI-METICS are not visually identical, the board determined that both use a variation of the same prefix, that the pronunciation of the marks would be virtually identical and confusingly similar to an ordinary purchaser, and that such a purchaser would not attach differing connotations to the marks.
 
 
 5
 Guaber argues that the marks are strikingly dissimilar if compared as a whole, and asserts that the board erred because it dissected Guaber's mark and ignored the significance of the colored design and the term "pH 5.5." We disagree.
 
 
 6
 While marks must be evaluated in their entireties, one feature of a mark may be considered to dominate other features in creating the mark's commercial impression. Burger Chef Sys., Inc. v. Sandwich Chef, Inc., 608 F.2d 875, 877, 203 USPQ 733, 735 (CCPA 1979); Tektronix, Inc. v. Daktronics, Inc., 534 F.2d 915, 917, 189 USPQ 693, 695 (CCPA 1976). This does not amount to dissection of the mark. It is, rather, a recognition that a typical purchaser would not retain a mark's details, only a mental impression. See Giant Food, 710 F.2d at 1570-71, 218 USPQ at 395. In finding that the word NEUTROMED dominated Guaber's mark, the board did not disregard the non-word portions of the mark; the board merely concluded that a consumer viewing the mark would attach greater significance to the word NEUTROMED than to the colored design or to the "pH 5.5" reference. In so doing, the board did not err.
 
 
 7
 Notwithstanding the colors and reference to "pH 5.5," the dominant feature of the mark is clearly the word NEUTROMED. Further, the term "pH 5.5" was disclaimed in Guaber's application and was shown to be descriptive. See In re National Data Corp., 753 F.2d 1056, 1059, 224 USPQ 749, 751 (Fed.Cir.1985) ("That a particular feature is descriptive ... with respect to the involved goods or services is one commonly accepted rationale for giving less weight to a portion of a mark.").
 
 
 8
 Guaber also contends that the third party registrations it submitted show that opposer's NUTRI-prefix is weak and should be afforded little protection. We agree with the board that "even if we were to consider the [NUTRI-prefix] to be weak, that would not preclude a likelihood of confusion if, in their entireties, the marks are so alike as to be confusingly similar." The board correctly found that to be the case here.